CITY OF NEW YORK, Plaintiff, *v.* NICHOLAS FUSCO and Another, Defendants.

City Court of New York, Trial Term, New York County, January 18, 1939.

*William C. Chanler, Corporation Counsel [Daniel L. Cammarano* of counsel], for the plaintiff.

*Ryan & McCarthy [John J. Ryan* of counsel], for the defendant Nicholas Fusco.

COLEMAN, J. One Hilpert, an employee in the department of sanitation of the city of New York, while awaiting roll call outside a garage of the department, was struck by an automobile negligently operated by the defendant Nicholas Fusco. He, too, was an employee of the department of sanitation, on his way to report for work at the same garage. Hilpert received an award of compensation against the city, under the Workmen's Compensation Law (Cf. *Matter of Lynch* v. *City of New York*, 242 N. Y. 115), which now sues as assignee of the cause of action. (Workmen's Comp. Law, § 29.) The defendant asserts that, assuming negligence, he was " in the same employ " as Hilpert, and that in those circumstances section 29 bars recovery over by the employer. Hilpert, of course, was in the employ of the city at the time of the accident. He was in uniform at the place where he was required to report, awaiting roll call and instructions for the day. (*Matter of Lynch* v. *City of New York, supra.*) It is common ground that if the defendant was " in the same employ " the city cannot recover.

Of course, generically, Fusco and Hilpert were " in the same employ." But this phase must be read in its setting in the Workmen's Compensation Law. It undoubtedly was the intention of the Legislature not to give a right of action over where an employee was injured by the acts of another employee arising out of the exigencies of the undertaking upon which the employees jointly were engaged. The defendant was not at work at the time of the accident. He was not furthering any of the activities of his employer, the discharge of which created the background and condition of industrial compensation. He was on his way to work in a conveyance of his own, using the public streets of the city in doing so, as any inhabitant of the city might. So far as Hilpert was concerned, Fusco was as much a stranger to him and to their common employer as any stranger would be who at the time was operating an automobile upon the roadway. The accident happened when in a misguided adolescent spirit of play — unwarranted in his case — Fusco drove into a group of city employees standing about the

entrance to the garage, striking Hilpert and scattering the rest. He cannot be said to have been "in the same employ" in so acting. (*Tallon* v. *Interborough R. T. Co.*, 232 N. Y. 410. Cf. *Setzkorn* v. *City of Buffalo*, 219 App. Div. 416; affd., 246 N. Y. 605.)

There will be judgment for the plaintiff for $1,000 against the defendant Nicholas Fusco; the defendant Helen Fusco was not served.