## HEINER v. NORTH AMERICAN COAL CORPORATION et al.

### No. 1756.

District Court, W. D. Pennsylvania.

Dec. 17, 1942.

See, also, 3 F.R.D. 63.

James I. Marsh and Samuel Kaufman, both of Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, and Thomas W. Pomeroy, Jr., all of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

Counsel for the Pittsburgh & West Virginia Railway Company have moved the court to limit the scope of the depositions of officers and employees of the Company being taken pursuant to notice of October 28, 1942. The immediate complaint related to the examination of the secretary to the president of the Company, who had been required to produce a file in the president's office relating to the Pittsburgh Terminal Coal Corporation from 1938 to date. Counsel for the Trustee asked for the first in date of the correspondence produced, and after examination and marking as an exhibit, asked for the next letter in point of date, and so on until a letter from the former General Counsel for the Railway was reached, when objection to examination was made on the assertion that the letter was privileged.

Not passing upon the claim of privilege, the effort of counsel for the Trustee was not to elicit facts within the knowledge of the witness, but to obtain inspection of the papers of the defendant. If these papers are material and relevant, he should apply for the inspection under the requirement of Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Acting upon a request made at the argument of defendant's motion, the court has examined the depositions so far as taken. The transcript contains about 1,000 pages. His examination progressed from interest to boredom, and thence to a certain amount of shock. The unfinished testimony of the defendant's president covered 366 pages. Granting that Rule No. 26 has a tendency somewhat to encourage fishing expeditions, still the fishing is subject to some license and limit, and should not be continued day after day when the catch is composed of minnows. The examination, with its constant repetitions of matters incompetent for admission in evidence, was not only oppressive to the defendant, but, considering results, was altogether too expensive to the debtor, and too greatly promotive of delay in ending this long-delayed proceeding.

The order prayed by counsel for defendant will be made.

Order.

And now, to wit, December 17, 1942, the motion of the Pittsburgh & West Virginia Railway Company having been presented in open court and duly considered, counsel for the plaintiff having been present and heard, It Is Ordered and Directed that in the taking of depositions by plaintiff pursuant to notice given on October 28, 1942, no further examination shall be had of Margaret M. Bultman unless and to the extent that she be shown to have knowledge of relevant facts; and that no inspection of the files of the Pittsburgh & West Virginia Railway Company shall be had except pursuant to a motion and order made under the authority of Rule 34 of the Federal Rules of Civil Procedure or except in connection with testimony adduced by a witness having knowledge of relevant facts.