**COLORADO MILLING & ELEVATOR CO. v. AMERICAN CYANAMID CO. et al.**

**No. 6157.**

United States District Court
W. D. Missouri, W. D.

Dec. 27, 1950.

John W. Hudson, Kansas City, Mo., Paul H. Heineke, Chicago, Ill., for plaintiff.

Swofford, Schroeder & Shankland, Ben W. Swofford, Kansas City, Mo., for defendant American Cyanamid Co.

Watson, Ess, Whittaker, Marshall & Enggas, Douglas Stripp, Kansas City, Mo., for defendants American Cyanamid Co. and Cook Chemical Co.

Tucker, Murphy, Wilson & Siddens, John Murphy, Kansas City, Mo., for defendant Cook Chemical Co.

REEVES, Chief Judge.

A preliminary statement is necessary for a clear understanding of the issues to be considered. This action is brought against a chemical company and one of its distributors for alleged negligence in the manufacturing and distribution of a chemical compound formerly sold under the trade name of Acrylon and later under the trade name Carbacryl. It was an insecticide and a fumigant and was used by the plaintiff in its milling operations. It claims to have suffered two destructive fires, one in April, 1949, at Dodge City, Kansas, and the other in September, 1949, at Denver, Colorado, both arising from the alleged negligently compounded fumigants and insecticides used by the plaintiff, as above stated, in its milling operations.

The defendant sought the deposition of an agent and representative of one of

the plaintiff's insurers, and, in doing so, undertook to procure by subpoena duces tecum certain records received and possessed by said representative operating a bureau maintained by the several kindred insurers. This correspondence related to the fires mentioned, and was from the plaintiff or its agents. Objection is made upon the ground that such correspondence and records designated as Items 11 and 12 in the motion and in the subpoena were privileged for the reason that they contained information obtained in preparation for trial of the cause.

An examination of the briefs of the parties discloses that such information was assembled by the plaintiff and against the insurers in what might be designated as an adversary proceeding. This information was furnished in support of its claim under the insurance policies issued by one or several insurers and represented by the deponent whose deposition was being taken. Under such circumstances the documents called for were not privileged. The defendant would have a right to know what representations and reports were made in a semi-adversary proceeding concerning its alleged loss for which it now brings suit against the defendants.

It is inferred from the briefs that the present action is a friendly one insofar as the insurers are concerned and that any recovery would inure to their benefit. The very fact that they have made peace with the plaintiff by paying the claim would not place the documents called for in the class of privileged documents, or the use of which would be forbidden by public policy. A peaceful adjustment between litigants would not relieve the documents of their original character as having been obtained in an adversary proceeding. It must be ruled, therefore, that Items 11 and 12 should be classed as documents available for the use of the defendant, and the witness should be required to produce them for their inspection and use.

Items designated as 18 and 19 call for information regarding the payments, if any, made by the insurers to the plaintiff, and, moreover, information is sought as to the nature of the contracts of insurance. These would be wholly irrelevant. The only question raised by the pleadings is whether the defendants negligently compounded and distributed a hazardous and dangerous chemical, which, when used by the plaintiff, caused conflagrations and heavy loss. In this litigation it would not be important to the defendants as to what insurance was paid to the plaintiff or the nature of the contracts between it and its insurers, nor would the fact lead to competent or relevant evidence. These are relationships that should not be made available to the defendants. Accordingly, the motion to compel the production of documents in Items 11 and 12 will be sustained and those mentioned in Items 18 and 19 will be overruled, and it will be so ordered.