**COLORADO MILLING & ELEVATOR CO.,
v. AMERICAN CYANAMID CO. et al.**

**No. 6157.**

United States District Court
W. D. Missouri, W. D.

Feb. 13, 1951.

See also 11 F.R.D. 191.

John W. Hudson and Harold J. Toner, Kansas City, Mo., for plaintiff.

Tucker, Murphy, Wilson & Siddens, Kansas City, Mo., for defendant Cook Chemical Co.

Watson, Ess, Whittaker, Marshall & Enggas, Kansas City, Mo., Douglas Stripp, Kansas City, Mo., for defendants American Cyanamid Co. and Cook Chemical Co.

Swofford, Schroeder & Shankland and Ben W. Swofford, all of Kansas City, Mo., for defendant American Cyanamid Co.

REEVES, Chief Judge.

On defendants' motion under rules 37(b)(1) and 45(f), Fed. Rules Civ.Proc. 28 U.S.C.A., to punish witness for contempt. This motion arises from a ruling made by this court that certain information acquired through reports of investigators concerning a claimed loss should·be submitted to the defendants for their inspection. The items mentioned were classified as Items 11 and 12 mentioned in memorandum opinion. D.C., 10 F.R.D. 611. Items described as 18 and 19 were ruled out as being wholly incompetent and irrelevant. These items relate to the amount paid by the insurers to the plaintiff at the time of the loss.

From an examination of excerpts taken from the testimony of Eugene Arms, it appears that documents in his possession contained reports of investigators concerning the original loss, and in such reports reference is made to the amount of insurance and the amounts paid by the insurance carriers. It is the thought of counsel for the plaintiff that the circumstance that as immaterial matters (somewhat confidential) are intermingled with the others, the entire documents should be excluded. Such is not the law. A document that contains information pertinent in the case, and not privileged, may be inspected by an ad-

versary although it contains other matter incompetent and immaterial in its nature.

The court is mindful of the sensible opinion entitled Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. This opinion condemns as against public policy any ruling that would permit counsel to see the worksheets of his opponent. If those documents contain matter worked out by counsel, then public policy forbids their use. If, however, counsel gave instructions to the investigator, and the investigator followed such instructions, the results of the investigation would not be disqualified, as having the stamp of counsel upon them.

■ It appears, therefore, that the witness should produce the documents. No punishment should be inflicted for the refusal to answer. The witness was advised by his counsel not to answer or produce the documents as counsel sincerely believed that they should not be produced.

It is the order of the court, therefore, that the witness produce the documents sought.