JACK H. STACY, PLAINTIFF-RESPONDENT, v. DAVID GREENBERG AND CHARLES MELTZER, DEFENDANTS-APPELLANTS.

ALVIN WOLFF, PLAINTIFF-RESPONDENT, v. DAVID GREENBERG AND CHARLES MELTZER, DEFENDANTS-APPELLANTS.

Argued December 7, 1953—Decided January 11, 1954.

*Mr. George F. Lahey, Jr.,* argued the cause for appellants.

*Mr. Joseph Weintraub* argued the cause for respondents (*Messrs. McGlynn, Weintraub & Stein,* attorneys).

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J. Stacy and Wolff were injured in an automobile accident on a New Jersey highway while returning to New York City from a work assignment in Pennsylvania for their employer, Marlene Blouse Corporation of New York City. They sue Greenberg, the corporation's sales manager, who was driving the car in which they were passengers, and Meltzer, the corporation's president, in whose individual name the car was registered. The defense is that their sole remedy is under the New York Workmen's Compensation Law (*McK., Consol. Laws of New York, c.* 67), subsection 6 of section 29 of that law providing:

"The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

At an earlier stage of the litigation, *Stacy v. Greenberg,* 9 *N. J.* 390 (1952), we held that as a matter of comity our courts should give effect to the New York statute, but that summary judgment in favor of defendants was properly denied in light of the conflict in the opposing affidavits on

the motion therefor whether Greenberg at the time of the mishap was "another in the same employ" with plaintiffs within the meaning of the New York law. At the trial plaintiffs obtained judgments on jury verdicts which the Appellate Division affirmed, 26 *N. J. Super.* 457 (1953). We allowed certification on defendants' petition, 13 *N. J.* 313 (1953).

The substantial question is whether the trial judge erred in refusing to enter judgment for the defendants on motion.

The testimony on behalf of the parties is in substantial agreement. The employer sells apparel in New York City manufactured for it by a concern in Nazareth, Pennsylvania. Its executives and key employees frequently make the trip from New York to Nazareth on matters concerned with this business. They may travel by means of their choice but often drive and not infrequently in the Cadillac convertible registered in Meltzer's name but purchased by the corporation and maintained and garaged at its expense. On this occasion the plaintiffs and defendants and two other employees drove to Nazareth in the Cadillac on Friday afternoon, September 9, 1949, on such a business mission. The party completed the work at about noon on the following day. Meltzer decided to return to New York with the Nazareth plant manager in the latter's car. In the presence of Stacy and Wolff, Meltzer, in Stacy's words, said to Greenberg, "Dave, do me a favor, take my car back to New York and if the boys wish to go, take them." Greenberg acceded to the request and Stacy and Wolff elected to go with him. It also appeared that on other trips, although not on this one, Meltzer used the Cadillac for his personal pleasure to visit resorts or neighboring places of entertainment.

As on the previous appeal, the parties agree that plaintiffs and Greenberg remained in the course of their employment "so far as compensation benefits are concerned" until their return to New York. In our earlier decision, after examining pertinent New York authorities pursuant to a stipulation of counsel that "all decisions of the New York courts which

may be cited by counsel shall be deemed to be in evidence for the purpose of the determination by the court as to the State of New York law," we concluded that, though Greenberg and plaintiffs might be entitled to compensation benefits under the New York Act for their hurts, Stacy and Wolff were barred by the statute from maintaining common law actions against Greenberg only if Greenberg's act of driving was in the authorized performance of a job for his employer. Meltzer's affidavit on the motion for summary judgment contended that Greenberg was driving "solely" in the performance of such a duty, but Stacy's affidavit asserted that "the car was being returned to New York by Greenberg purely for the accommodation of Meltzer individually."

The pretrial order made after the coming down of our first opinion supplements the prior stipulation with a provision that "It will be conceded at trial that law of N. Y. as recited in opinion of the Supreme Court and the cases relative thereto may be offered in court without further formal proof."

The trial judge viewed the evidence as reasonably supporting a third inference, which the judge noted the "Supreme Court has not touched on * * * in its opinion," namely, "that the jury might well draw a conclusion from the evidence that Greenberg in the operation of the motor vehicle on this occasion was acting both as a personal accommodation for Meltzer individually and in the authorized furtherance of the business of the corporate employer." In such case the judge was of the opinion that the "dominating purpose" of the act would control the result. He accordingly denied defendants' motion for judgment at the end of the case, and charged the jury that plaintiffs were entitled to maintain the suits if the jury found that Greenberg was driving the car (1) "merely as a personal accommodation to Meltzer individually and outside of his employment," or (2) had as his "predominating purpose" "an accommodation of the defendant Meltzer personally and individually and only incidental to the furtherance of the business of his corporate employer," if he was driving "both

as a personal accommodation for the defendant Meltzer individually and in the authorized furtherance of the business of his corporate employer."

We have re-examined the New York decisions and find nothing therein to support any such "dominant purpose" test. Indeed, we read them as interpreting subsection 6 of section 29 as intended to bar common law actions against the employee whose wrong injures his fellow employee if the driving is part of his job in the employer's service however many other purposes he is also furthering outside that service and without regard to the relative significance of the purposes.

We noted in our prior opinion that the New York Court of Appeals has held that subsection 6 of section 29, and section 11 (which makes compensation the exclusive remedy as to the employer), evidence a "legislative intent to make compensation the comprehensive and exclusive remedy" both as to the employer and "the employing organization." *Williams v. Hartshorn*, 296 *N. Y.* 49, 69 *N. E. 2d* 557 (*Ct. App.* 1946). And the only decision cited to us arising directly under subsection 6 of section 29 which came to the attention of the Court of Appeals, *D'Agostino v. Wagenaar*, 183 *N. Y. Misc.* 184, 48 *N. Y. S. 2d* 410 (*Sup. Ct.* 1944), affirmed 268 *App. Div.* 912, 51 *N. Y. S. 2d* 756 (*App. Div.* 1944), motion for leave to appeal denied 268 *App. Div.* 986, 52 *N. Y. S. 2d* 784 (*App. Div.* 1944), motion for leave to appeal denied 294 *N. Y.* 640, 58 *N. E. 2d* 522 (*Ct. App.* 1945), echoes this emphasis in the observation that "In arriving at the meaning of the term 'in the same employ' as used in Section 29, one must consider the purpose and effect of the Workmen's Compensation Law as a whole." That opinion adopted the "reasoning" in *City of New York v. Fusco*, 170 *Misc.* 564, 9 *N. Y. S. 2d* 911 (*City Ct. of N. Y.* 1939), and *Philips v. D'Angelo*, 37 *N. Y. S. 2d* 108 (*City Ct. of N. Y.* 1942). In the *Fusco* opinion it is said that the phrase "in the same employ" "must be read in its setting in the Workmen's Compensation Law," and that "It undoubtedly was the intention of the Legislature not to give a right of

action over where an employee was injured·by the acts of another employee arising out of the exigencies of the undertaking upon which the employees jointly were engaged." In the *Philips* opinion is the significant statement that "While doing his employer's work an employee may simultaneously or concurrently do something not within the work." [37 *N. Y. S. 2d* 111.]

Immunity was denied the defendant employee in each of the cited cases only because his operation of the car involved no assigned duty of employment. In the *D'Agostino* case the defendant was driving his automobile along a private roadway of his employer, a country club, when it mounted a curb and ran down a gardener employed by the club; defendant was off duty and was on his way to visit his sister. In the *Fusco* case the defendant was an employee of the Department of Sanitation of the City of New York on his way to work at a garage and struck a fellow employee who was awaiting roll call outside the garage; the ground of the decision was that the defendant was "not at work at the time of the accident." In the *Philips* case the defendant was one of three insurance company employees who had reported at an office of their employer for a meeting prior to going to their respective territories in New York City to collect premiums and solicit policy sales. Leaving the meeting the defendant gave the others a lift in his Oldsmobile, each of the guests intending to leave the car at a point convenient to his territory. En route the car was involved in an accident. The guests sued the defendant. The court found that once all three started for their territories after the meeting their travel "was incidental to their main work" but that defendant could not claim the statutory immunity because he "was not acting for the employer in providing transportation for the others," "was performing no part of his job," "the employer had nothing to do with D'Angelo's car and was in no way concerned with it."

The implication from the decisions is plain that if the purposes of the driving include the performance of an assigned duty of the employment the immunity follows and

there is no occasion to weigh the business with any personal matters also involved to determine which is dominant. If the statutory immunity attached in multiple purpose cases only when the driving was predominantly in the employer's service we might reasonably expect that the opinions would have noted that important criterion. The omission of any mention of it is cogent evidence that it is not an element of the statutory immunity.

Thus the trial judge erred in charging that the result was to depend upon the jury's determination as to the predominant purpose Greenberg was furthering in driving the Cadillac.

 But at all events we see no basis in this record for the view of the trial judge that Greenberg's driving may have served dual purposes. The factual versions of the parties do not differ and in our view both point irresistibly to a single business purpose completely countervailing any suggestion of a personal accommodation to Meltzer in the bits and pieces of testimony relied upon by plaintiffs.

Plaintiffs endeavor to spell out an exclusive or at least concurrent personal purpose from like testimony of both sides that neither plaintiffs nor Greenberg were under a duty to make the trip to Nazareth in the first place, that they received no additional compensation for doing so, that when they finished the work in Nazareth they were not obliged to return to New York but were free to go anywhere, and in any event did not have to return in the Cadillac, that ordinarily it was not part of Greenberg's job as sales manager to drive this or any other car, and that Meltzer on other trips and in New York used the car for his personal pleasure and entertainment. If we assume that some suggestion of personal accommodation to Meltzer may appear in this evidence when wrung from context all such significance disappears against the background of the entire testimony and the uncontradicted fact that on this occasion the group journeyed to Nazareth and from the outset and throughout the visit concerned themselves with the single mission and interest of doing the corporate chore and promptly upon its

completion to return to New York. Meltzer, as president, organized the trip in New York and arranged for the transportation. He acknowledged that it was his "job as president of the company to see that this entire undertaking was completed and that the men got back to New York." When he decided to drive back to New York with the Nazareth official and avail himself of the opportunity "to dicuss certain things," he necessarily had to arrange for the return of the Cadillac which he as president had provided as the means of transportation on the mission. In the circumstances his politely phrased request of Greenberg, if not actually an instruction, was at least an invitation to accept a responsibility in the corporate interest which Greenberg accepted. Whatever his duty before, when Greenberg acceded to the request (and it would have been surprising if he had refused) he undertook the responsibility as a duty of his employment. Plainly the suggestion of a personal interest aside from or in addition to the employment is wholly without foundation in fact.

It follows that the defendants were entitled to have judgment entered in their favor on their motion. As the issue is essentially one of New York law to be determined by the court under the parties' stipulation, and the law so determined may be applied to facts which are agreed upon in all material respects, we shall direct the entry of final judgment for defendants pursuant to our power under *R. R.* 1:9–1(*b*), *cf. U. S. Fidelity & Guaranty Co. v. Davis,* 12 *N. J.* 365 (1953).

Reversed and remanded with direction to enter final judgments in favor of defendants.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING, JACOBS and BRENNAN—6.

*For affirmance*—Justice WACHENFELD—1.