JULIUS HYMAN & COMPANY, a corporation, Plaintiff,

v.

AMERICAN MOTORISTS INSURANCE COMPANY, a corporation, Defendant.

Civ. No. 4282.

United States District Court
D. Colorado.

June 13, 1955.

Holland & Hart, Peter H. Dominick, Robert P. Davison, William C. McClearn, Denver, Colo., Carney W. Mimms, New York City, for plaintiff.

White & Steele, Lowell White, Walter A. Steele, Denver, Colo., for defendant.

CHRISTENSON, District Judge.

This is an action for recovery on a certain boiler and machinery insurance policy issued to the plaintiff by the defendant. It is claimed by the plaintiff that within the terms of the policy accidental damage occurred to a pipe in a Dowtherm Boiler, which forced a shutdown of the boiler and resulted in the partial interruption of plaintiff's business. A substantial loss under the policy is claimed.

The particular question now before the Court arises on plaintiff's motion for the production, inspection and copying of a certain report prepared by Mr. C. R. McGraw under date of January 18, 1952, concerning his investigation of the accident in question. He was an employee of Kemper Insurance Company, which in turn was the authorized representative of the engineering department of the defendant company.

Depositions were taken of witnesses connected with the American Motorists Insurance Company pursuant to the pretrial order and related order for depositions and production of documents and objects, heretofore signed by the Court. These orders excepted from their requirements memoranda claimed in good faith to be privileged. At the taking of the deposition, the report in question

was claimed to be privileged and pursuant to the understanding of the parties with the Court, the question of whether the report should be ordered disclosed was left for this submission.

The report covers Mr. McGraw's investigations made shortly after the occurrence in question. It contains factual material and matters of opinion concerning the causes and the results of the difficulty and, presumably, also matters of conclusion concerning the liability of the insurance company and the action which should be taken for a settlement with the assured. At the time the investigation was made and the report was submitted by Mr. McGraw, no litigation was pending and the report was not prepared with any litigation directly in view. It seems reasonable to suppose that the possibility of litigation was at least assumed. The report primarily was made in order to permit the insurance company to evaluate its liability and to work out a settlement if one were indicated.

■ Aside from the privileged material, this report clearly is one the disclosure of which may be required upon a showing of good cause within Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. in the sound discretion of the Court. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971, certiorari denied 339 U.S. 967, 70 S. Ct. 999, 94 L.Ed. 1375; Pennsylvania R. Co. v. Julian, D.C.D.Del.1950, 10 F. R.D. 452; United States v. 88 Cases, etc., of Bireley's Orange Beverage, D.C.D. N.J.1946, 5 F.R.D. 503; 4 Moore's Federal Practice, 2d Ed., par. 26.24, pp. 1152–1159.

■ Plaintiff's showing of "good cause" is not strong. I have concluded, however, particularly because of the suggestion in the record that Mr. McGraw inspected the damaged pipe which is now missing, that there is good cause for plaintiff's inspection of at least portions of the McGraw report. Walsh v. Reynolds Metals Co., D.C.D.N.J.1954, 15 F.R.D. 376; United States v. Iozia, D.C. S.D.N.Y.1952, 13 F.R.D. 335; Royal Exchange Assur. v. McGrath, D.C.S.D. N.Y.1952, 13 F.R.D. 150.

Defendant has proposed that, in the event I should grant inspection, it should be permitted to delete from the copy of the report to be submitted to plaintiff's counsel certain conclusions of Mr. McGraw concerning liability or nonliability of the company and desirability of settlement. I am impressed that forced disclosure of comments on such subjects where they can be separated from the other portions of the report would not be justified at this stage. As to these comments, the report seems purely intracompany memoranda, the disclosure of which would not be in order in the absence of compelling reasons. Moreover, expressions on these subjects shortly after the occurrence and when efforts toward an amicable adjustment would be expected, partake of the nature of negotiations for compromise. Statements made directly to the plaintiff by representatives of the insurance company in an effort to settle a claim would not be admissible under many circumstances; private statements of an employee or agent to his employer looking toward the same objective would seem even less so.

■ It has been suggested that this information might be necessary as a background to permit cross-examination or impeachment of McGraw in the event that he were called to the stand by the plaintiff. This, in and of itself, would not justify any disclosure. Hauger v. Chicago, Rock Island & Pacific Railroad Company, 7 Cir., 1954, 216 F.2d 501. In any event, this question best can be passed upon at the time of the trial when it will be known whether McGraw is to testify and when the Court will have before it the specific circumstances which might indicate whether a disclosure in connection with cross-examination or impeachment might be justifiable.

Plaintiff calls attention to Colorado Milling & Elevator Co. v. American Cyanamid Co., D.C.W.D.Mo.W.D.1951, 11 F.R.D. 306, determining that a document containing information pertinent to a case and not privileged, may be inspected by the adversary although it contains other matter incompetent, immaterial and confidential in its nature. I am not disposed to question the power of the Court in this respect where the circumstances would require its exercise. Particularly should this be so where it would be difficult as a practical matter to segregate confidential or incompetent matters from the other portions of the report without destroying its value for the purpose for which disclosure is ordered. However, it seems preferable in cases like this to make such order as will preserve the secrecy of confidential or incompetent statements (at least until the necessity of their disclosure affirmatively is made to appear). Rule 31, Federal Rules Civil Procedure, 28 U.S.C.A., upon which plaintiff relies, provides by reference to Rule 30 adequate power for this Court to conditionally grant inspection.

Counsel for the defendant has given assurance that the incompetent and confidential material referred to can be readily deleted without impairment of the factual basis of the report or the opinions of the author relating to the cause of the accident. If, at the trial, or before, it should develop that this assurance is not justified, a further appropriate order may be made. Moreover, if, at the trial it appears that disclosure of the other conclusions referred to is proper and necessary in order to permit proper cross-examination or for other purposes, the Court will still be able to act as the circumstances may warrant, consistent with any meritorious claim of privilege or confidence then interposed. It may be considered doubtful that plaintiff at any time should be able to capitalize upon a lay agent's off-hand confidential opinion to his employer concerning the ultimate question of liability (which even after considerable study may occasion the Court difficulty) or concerning the desirability of settlement.

At this time, the Court directs defendant, within a period of ten days after service of copy of this order, to furnish plaintiff with a photostatic copy of the McGraw report, on which copy defendant may delete the sentences or phrases representing mere conclusions of McGraw concerning liability of the company or matters pertaining to settlement. It is understood that these deletions will be limited to those of the nature referred to by defendant at the time of the hearing on defendant's motion. It is further ordered that the complete original report be held available by the defendant for the Court at the time of the trial, in order that its inspection, if any, may be subject to the order of the Court.

At the time of the hearing on the plaintiff's motion, counsel for the defendant delivered to me the original report in question and indicated that he would have no objection to my examining it, and particularly the portions which the defendant claims should be deleted in any event, before making my ruling. However, because of doubt on my part concerning the propriety of this, I suggested that counsel at the time of delivery seal the report in an envelope. Because I will try the case without the intervention of a jury and wish to be as free as practicable from all extraneous matters, I now believe that the interest of all parties can be protected by the present order, without the necessity or desirability of my examining the report at this time. I, therefore, have chosen not to break the seal of the envelope. By registered mail, I am returning this envelope and contents to counsel for the defendant.