**INTERNATIONAL STANDARD ELECTRIC CORPORATION, Libelant,**

v.

**THE THETIS, etc., et al., Respondents.**

United States District Court
S. D. New York.
June 27, 1955.

Bigham, Englar, Jones & Houston, New York City, for libelant, Lawrence R. Thomsen, New York City, of counsel.

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, for respondent Sprague Steamship Company; Joseph M. Brush, New York City, Robert S. Stitt, New Rochelle, N. Y., advocates.

DIMOCK, District Judge.

In this admiralty case there were argued together three matters: (1) libelant's exceptions to respondent Sprague Steamship Company's answers to libelant's interrogatories, (2) libelant's exceptions to respondent Sprague Steamship Company's interrogatories, (3) respondent Sprague Steamship Company's motion for production and inspection.

Most of the matters were disposed of upon the argument. Respondent's interrogatories and motion for production and inspection, however, involve the relations between libelant and its insurer or insurers. I reserved decision of the question whether respondent was entitled to that material in order to permit libelant to brief the matter.

 Libelant invokes the rule that in an admiralty case libelant's insurance is of no concern to respondent and cites The Propeller Monticello v. Mollison, 17 How. 152, 154, 15 L.Ed. 68; General Foods Corporation v. The Felipe Camarao, 2 Cir., 172 F.2d 131, 133; The Nichiyo Maru, 4 Cir., 89 F.2d 539, 544, and Federal Forwarding Co. v. Lanasa, 4 Cir., 32 F.2d 154, 157. Libelant cites no cases, however, to the effect that matters relating to insurance carried by libelant cannot be brought out by pretrial examination and discovery proceedings.

The cases cited by libelant all deal with the well-settled principle that respondent, so far as the issues in the case are concerned, is not concerned with the relations between libelant and its insurer or insurers. Pretrial discovery is no longer limited to matters which would be admissible in evidence on the trial. Inquiry into relations between libelant and its insurer or insurers will very likely lead to the discovery of admissible evidence. Libelant may have made admissions in its negotiations with its insurer.

Strangely enough, neither party submits any authority directly in point. A case cited by respondent, Standard Marine Ins. Co. v. American Export Lines, D.C.S.D.N.Y., 1950 A.M.C. 326, is, however, controlling in principle. There the libelant insurance company alleged payment of the claim to the insured and that it had thereby become subrogated. This was not denied by respondent. Nevertheless, Judge Sugarman permitted interrogatories involving the relations between the insured and the insurance company including the provisions of the insurance contract. In that case, just as here, there was no issue as to libelant's right to sue as between insurer and insured. Judge Sugarman said "The matters inquired into by interrogatories 23, 24, 26 and 27 are not privileged; they may be relevant and it is no objection that the testimony will be inadmissible at the trial. These interrogatories may lead to the discovery of admissible evidence and are therefore proper."

The fact that the insured is suing here might be a very good reason for excluding evidence of the insured's relations with his insurer but it does not make it any the less likely that inquiry into the negotiations between insured and insurer will lead to the discovery of admissible evidence.

The exceptions and objections based on the fact that insurance matters are being inquired into are overruled.