**GRAND OPERA COMPANY, a Corporation, and Marlow's Amusement Corporation, a Corporation, Plaintiffs,**

v.

**TWENTIETH CENTURY–FOX FILM CORPORATION, a Corporation, et al., Defendants.**

Civ. A. No. 2791.

United States District Court
E. D. Illinois.

May 31, 1957.

William M. Wolf, Murphysboro, and Everett Prosser, Carbondale, Ill., for plaintiffs.

John M. Ferguson, East St. Louis, Ill., for Fox Midwest Amusement Corp.

F. W. Schwarz, St. Louis, Mo., for Twentieth Century-Fox Film Corp.

JUERGENS, District Judge.

On March 17, 1954, certain defendants propounded a series of 72 interrogatories to the plaintiffs. On March 22, 1957, the plaintiffs filed their answer to the interrogatories so propounded. On April 1, 1957, the defendants filed their motion to compel the plaintiffs to make further answer to certain interrogatories designated in said motion. No objections have been filed by the plaintiffs to the motion of the defendants to compel the plaintiffs to make further answer to the interrogatories described in said motion. At the time of the hearing on the motion to compel plaintiffs to make further answer to the interrogatories the plaintiffs agreed that they would file further answers to interrogatories 24, 69, 70, and 71; therefore, the motion as pertaining to those interrogatories will not be considered by the court.

As to interrogatories 12a and 23, the defendants withdrew their motion to plaintiffs to make further answer.

As to the remaining interrogatories, namely, interrogatories 4, 8, 11, 22, 22a, 30, 38, 39, 44, 49, 50, and 60, the plaintiffs orally objected because depositions were taken and the information sought to be elicited by the interrogatories could have been interrogated about at the time that the depositions were taken, also that the answers to the interrogatories with which the motion is concerned lies within the knowledge of the defendants as well as the plaintiffs and, therefore, the plaintiffs should not be required to answer same.

 The authority for propounding interrogatories and insisting on answers thereto being made is founded on Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In Bowles v. Safeway Stores, D.C., 4 F.R.D. 469, 471, the court said, "It is no objection to interrogatories propounded under Rule 33, supra, that the information sought is within the knowledge of the interrogating party. * * * The purpose of interrogatories, under Rule 33, is to obtain admissions from the adversary, thereby limiting matters in dispute to avoid unnecessary attendance of witnesses and waste of time of the parties and the Court. The intent of said rule is that both parties have the same information, why compel formal proof to be made of things within their joint knowledge." Rule 33 should be given a liberal and broad interpretation by the courts and under the several holdings it has been held and determined that the mere fact that the party propounding the interrogatories may have the answers within in his own bosom, that that is no valid reason for not requiring the party to whom the interrogatories are propounded to answer same. The propounding of interrogatories serves two separate and distinct purposes: (1) to ascertain facts, and (2) to narrow the issues. The court does not deem it necessary to go into a lengthy discussion as to these two purposes. In Onofrio v. American Beauty Macaroni Co., D.C., 11 F.R.D. 181, 183, the court said, "The prevailing general opinion seems to be that under the present rule the interrogator may seek facts relating to his adversary's case and is not limited to facts exclusively or peculiarly within the knowledge of the opponent. This is true even where the interrogator has at [the] disposal an adequate or even better source of information. In Patterson Oil Terminals, Inc., v. Charles Kurz & Co., Inc., D.C., 7 F.R.D. 250, loc. cit. 251, Judge Bard of the District Court, E. D. of Pennsylvania said: 'Although the interrogator may have the better source of information, it is not unfair to require that his

opponent answer the interrogatories in question to the best of his ability so that the questions of fact may be reduced to a minimum before trial.' "

In Moore's Federal Practice, Volume 4 (2nd Edition), at page 2269, the following appears: "Under Equity Rule 58 it was the practice to obtain by proper interrogatories admissions by the adverse party of the possession, custody, or control of relevant documents before making his motion to the court for an order for their production for discovery purposes. Not only may such admissions be obtained by interrogatories under Federal Rule 33, but further disclosure, which some courts formerly might have regarded as a 'fishing expedition' under Equity Rule 58, may be sought, namely, disclosure of 'the existence, description, nature, custody, conditions, and location of any books, documents, or other tangible things' relevant to the subject matter involved in the pending action."

Without going into detail as to each interrogatory, the court is using interrogatory 4 as an example. The answer to interrogatory 4 is as follows: "Plaintiffs know the location of the documents referred to in interrogatory 3, and have same, except for such of said documents as may have been destroyed by fire, which occurred at the Annex Theatre Building in August of 1955." The answer is not complete and does not give a minimum answer to the interrogatory propounded and does not advise the defendants which of the documents are still in existence and which of the documents have been destroyed by the fire which occurred at the Annex Theatre Building in August, 1955. The above serves as an example of the answers to the interrogatories with which the motion is concerned, and the court is of the opinion that the interrogatories concerned in the motion should be answered by the plaintiffs and they are so ordered to answer same.