June R. **FLYNN** and Earl **Flynn**, Plaintiffs,

v.

Calvin J. **WILLIAMS**, Defendant.
Civ. A. No. 7212.

United States District Court
D. Connecticut.
Sept. 16, 1958.

Jerome Caplan, of Rogin, Nassau & Caplan, Hartford, Conn., for plaintiffs.

James Healey, of Gordon, Muir & Fitzgerald, Hartford, Conn., for defendant.

J. JOSEPH SMITH, District Judge.

Plaintiffs in an automobile negligence personal injury action move for production of a liability insurance policy and endorsements thereon. They stress the practical utility, in evaluating the claim, of knowledge of limits and risks covered. There is much force in the practical argument, but the information sought is beyond the scope of discovery under the rule, for it is not relevant to any present issue in the action between plaintiffs and

this defendant, nor can it conceivably lead to discovery of evidence on any present issue. Rule 34, F.R.Civ.P., 28 U.S.C.A. Gallimore v. Dye, E.D.Ill., 21 F.R.D. 283; McClure v. Boeger, E.D.Pa., 105 F.Supp. 612; McNelley v. Perry, E.D. Tenn.N.Div., 18 F.R.D. 360. See contra Orgel v. McCurdy, S.D.N.Y., 8 F.R.D. 585, Brackett v. Woodall Food Products, E.D.Tenn.S.Div., 12 F.R.D. 4.

Of course, issues may be raised on supplementary proceedings after verdict to which the information might be relevant. The motion to produce is denied without prejudice.