**George PLYLER, Plaintiff,**

v.

**David GORDON, Defendant.**

Civ. A. No. 792–59.

United States District Court
D. New Jersey.
March 23, 1960.

Bracken & Walsh, by John J. Bracken, Newark, N. J., for plaintiff.

Harry Schaffer, Newark, N. J., for defendant.

HARTSHORNE, District Judge.

On discovery, plaintiff seeks answers to questions concerning insurance coverage, particularly with reference to the policy provisions that the defendant carried on his tractor involved in the accident on which the suit is based. These questions were propounded at a deposition of the defendant. Defendant refused to answer. Plaintiff has therefore moved for an order directing an answer.

The defendant contends that questions as to insurance coverage are irrelevant and immaterial to the issues presented by the case, that such evidence would not be admissible at trial, and therefore he is not required to answer. Plaintiff replies that, although this is a negligence action, he must establish the fact that, with regard to the accident in question, defendant was not an employee of plaintiff's employer, because under New York law [which here governs] utilizing the remedy for an injured employee against his employer under the New York Workmen's Compensation Law, which plaintiff did, excludes any recovery in a suit against a fellow employee. Stacy v. Greenberg, 1954, 14 N.J. 262, 102 A.2d 48 and New York cases cited therein; McKinney's, Consol.Laws of New York, c. 67, subsection 6 of Section 29. Therefore, if the defendant is a fellow employee, the plaintiff is barred.

Plaintiff contends that by interrogation as to the insurance held by the defendant he may be able to prove that the defendant was in fact an independent contractor and not a coemployee. Thus the purpose in asking this question is not to delve into the financial position of the defendant, which is improper at trial, but rather to seek a lead to establish defendant's above status, as a basis for the action.

Plaintiff has cited Orgel v. McCurdy, D.C.S.D.N.Y.1948, 8 F.R.D. 585 and International Standard Electric Corp. v. The Thetis, D.C.S.D.N.Y.1955, 132 F. Supp. 65, to support his right to ask questions on insurance. In fact, these cases do recognize that such questions could produce leads by which plaintiff could ascertain admissible evidence. Defendant cites a series of cases [1] which

---

1. Gallimore v. Dye, D.C.E.D.Ill.1958, 21 F.R.D. 283; McNelley v. Perry, D.C. E.D.Tenn.1955, 18 F.R.D. 360; McClure v. Boeger, D.C.E.D.Pa.1952, 105 F.Supp. 612; Colorado Milling and Elevator Company v. American Cyanamid Company, D.C.W.D.Mo.1950, 10 F.R.D. 611.

disallowed any question as to insurance. However, these cases go to the point that in a negligence suit questions of insurance are clearly irrelevant and immaterial to the merits at the trial.

But that is not the issue here, as seen above. Here the insurance policy may produce information and leads which will help to answer the question as to the status of the defendant. While it is impossible to conceive of all the leads which the brains of insurance lawyers might insert in a policy, the policy might have provided that it should apply only if plaintiff were using his tractor in his own business. Such fact might well lead to evidence that defendant at the time in question was working solely as an independent contractor. In any event, if such admissible evidence is not forthcoming, while plaintiff will have had his rights, defendant will not have been harmed, since plaintiff then must have borne the costs of the discovery, and defendant will shortly have become entitled to the dismissal of the action against him. In short, in the words of Federal Rule 26(b), Fed.Rules Civ.Proc. 28 U.S. C.A., plaintiff's questions may be " * * * calculated to lead to the discovery of admissible evidence" and they "relate[s] * * * to the * * * defense of any other party * * * " [meaning the defendant here].

Defendant finally contends that under the doctrine of Stacy v. Greenberg, supra, the plaintiff is foreclosed from pursuing the question of insurance because it is not necessary that the defendant's dominant purpose be his employment on behalf of plaintiff's employer. All that would be necessary is that part of defendant's job on behalf of the employer be included in the activities which are involved in the present suit, for this case to fit within the general rule that an action against a coemployee will not lie. Defendant thus concludes that, such being the holding in Stacy, any question of insurance becomes immaterial, since, to some degree at least, defendant was working for plaintiff's employer. But this might have been as an independent contractor. Furthermore, in *Stacy*, there was no question as to defendant's being an employee. The question there was whether at the time of the accident he was functioning as an employee or performing outside services not connected with his employment. Here the question is specifically whether defendant was, at the time of the accident, even in part, an employee of plaintiff's employer, and not an independent contractor. This is all the more reason why the question propounded by plaintiff may produce information material to his case.

The question as to the insurance contract should be answered and plaintiff should make every effort to conclude the deposition in due course, so that defendant may immediately thereafter take the deposition of plaintiff. An order may be entered accordingly.