Elizabeth NOVAK, Plaintiff,

v.

**GOOD WILL GRANGE NO. 127, PATRONS OF HUSBANDRY, INCORPORATED,**

and

**Glastonbury Grange No. 26, Patrons of Husbandry, Incorporated,**

and

**The Budgie Club of Connecticut, Incorporated, Defendants.**

Civ. No. 8447.

United States District Court
D. Connecticut.
July 27, 1961.

Paul A. Scholder, New Haven, Conn., for plaintiff.

Vincent F. Dooley, New Haven, Conn., for defendants.

TIMBERS, District Judge.

Defendant Good Will Grange No. 127 objects to certain interrogatories served by plaintiff pursuant to Rule 33, Fed.R. Civ.P., 28 U.S.C.A.

The action is brought to recover damages for personal injuries claimed to have been sustained on September 25, 1959 by plaintiff as a result of falling down a flight of stairs while on premises known as "Grange Hall" located in Glastonbury, Connecticut. Plaintiff claims that her fall was caused by the negligence of defendants in their maintenance of an alleged defective stairway and handrail.

Jurisdiction is based on diversity of citizenship, plaintiff being a citizen of New Jersey and defendant corporations citizens of Connecticut.

Plaintiff alleges that at the time of the accident defendant Good Will Grange No. 127 owned Grange Hall; that either defendant Good Will Grange No. 127 or defendant Glastonbury Grange No. 26 was in possession and control of Grange Hall; and that defendant The Budgie Club of Connecticut occupied the premises.

Defendants Good Will Grange No. 127 and Glastonbury Grange No. 26 admit that Good Will Grange No. 127 owned the building; but they deny that they, or either of them, were in possession and control of the building. All defendants admit that The Budgie Club occupied the building.

Plaintiff has served 45 interrogatories containing numerous subparagraphs addressed to defendant Good Will Grange No. 127 whose objections to interrogatories 26, 27, 30 and 31 are before the Court for rulings.[1]

Interrogatories 26 and 27 inquire as to the existence and details of public liability, fire and other insurance policies maintained by Good Will Grange No. 127 with respect to Grange Hall at the time of the accident.

Interrogatories 30 and 31 inquire as to the extent and details of repairs or modifications, if any, made at Grange Hall by Good Will Grange No. 127 subsequent to the accident.

Good Will Grange No. 127 has objected to these interrogatories as irrelevant.

The test to be applied to interrogatories under Rule 33, as in the case of deposition questions under Rule 26(b), is whether the inquiry is "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

*Discovery as to Insurance Information*

There is a conflict of authority regarding discovery of insurance information prior to judgment in a personal injury action.

Such discovery has been permitted in Johanek v. Aberle, D.C.D.Mont.1961, 27 F.R.D. 272; Hurt v. Cooper, D.C.W.D. Ky.1959, 175 F.Supp. 712; Brackett v. Woodall Food Products Inc., D.C.E.D. Tenn.1951, 12 F.R.D. 4; Orgel v. McCurdy, D.C.S.D.N.Y.1948, 8 F.R.D. 585.

---

1. Counsel have agreed as to the disposition of objections to the other interrogatories propounded to Good Will Grange No. 127; likewise they have agreed with respect to the objections to the 45 interrogatories propounded to Glastonbury Grange No. 26. Such agreement of counsel makes it unnecessary for the Court to rule on those objections.

Such discovery has been denied in Roembke v. Wisdom, D.C.S.D.Ill.1958, 22 F.R.D. 197; Gallimore v. Dye, D.C.E.D. Ill.1958, 21 F.R.D. 283; McNelley v. Perry, D.C.E.D.Tenn.1955, 18 F.R.D. 360; McClure v. Boeger, D.C.E.D.Pa.1952, 105 F.Supp. 612.

Each of the cited cases was a negligence action arising out of an automobile accident. In principle, the same considerations for allowing or denying discovery of insurance information apply to the instant action for negligence in the maintenance of a building.

Upon the authority of the well reasoned opinion by Judge Jameson in Johanek v. Aberle, supra, this Court holds that discovery of insurance information is relevant to the subject matter of this negligence action. Accordingly, the objections to interrogatories 26 and 27 are overruled.

### Discovery as to Subsequent Repairs or Modifications

 There also is a conflict of authority regarding discovery of subsequent repairs or modifications. Compare Needles v. F. W. Woolworth Co., D.C.E.D. Pa.1952, 13 F.R.D. 460 (discovery as to subsequent repairs denied) with Baker v. Procter & Gamble Co., D.C.S.D.N.Y. 1952, 17 Fed.Rules Serv. 30b.352, Case 1 (discovery in product liabilities case as to subsequent modifications of product allowed).

This Court holds that discovery of information regarding repairs subsequent to the accident is relevant to the subject matter of this action; indeed, under certain circumstances evidence of subsequent repairs in personal injury actions may be admissible at the trial. Aprile v. Colonial Trust Co., 1934, 118 Conn. 573, 580, 173 A. 237, 240; Vinci v. O'Neill, 1925, 103 Conn. 647, 652, 131 A. 408, 410; 2 Wigmore, Evidence, § 283 (3d ed. 1940); cf. Choctaw, Oklahoma and Gulf R. R. Co. v. McDade, 1903, 191 U.S. 64, 24 S.Ct. 24, 48 L.Ed. 96.

That information sought is within the knowledge of the inquiring party is not ground to sustain objections to interrogatories. 4 Moore's Federal Practice, ¶ 33.13, pp. 2293–2294 (2d ed. 1950); Grand Opera Co. v. Twentieth Century-Fox Film Corp., D.C.E.D.Ill.1957, 21 F. R.D. 39; Pappas v. Loew's Inc., D.C. M.D.Pa.1953, 13 F.R.D. 471, 474.

Accordingly, the objections to interrogatories 30 and 31 are overruled.

Defendant Good Will Grange No. 127 is ordered to answer interrogatories 26, 27, 30 and 31 within 15 days from the date of this decision.