Paul F. HILL, Plaintiff,

v.

Alvah T. GREER, Defendant.

Civ. No. 754–61.

United States District Court
D. New Jersey.

Dec. 4, 1961.

Schragger, Schragger & Lavine, Trenton, N. J. (Bruce M. Schragger, Trenton, N. J.) for plaintiff.

Kisselman, Devine, Deighan & Montano, Camden, N. J. (Michael Patrick King, Camden, N. J.) for defendant.

LANE, District Judge.

Plaintiff, Paul F. Hill, is suing the defendant, Alvah T. Greer, for his alleged negligence in an automobile accident.

The plaintiff, through his attorney, at depositions taken November 1, 1961, asked the defendant to reveal the amount of liability insurance under the terms of his automobile policy. The attorney for the defendant instructed the defendant to refuse to answer. Plaintiff reserved the right to compel an answer.

Plaintiff brings a motion to require defendant to answer this question, that is, what is the amount of liability coverage under the terms of defendant's insurance policy?

The case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) established the general rule that federal courts in diversity cases may not, as to non-federal matters, disregard state law in matters of substantive right.

In Guaranty Trust of New York v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945), the court states:

"Erie R. Co. v. Tompkins was not an endeavor to formulate scientific legal terminology. It expressed a policy that touches vitally the proper distribution of judicial power

between State and federal courts. In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court."

■ In discovery matters the formula for deciding whether a state discovery rule is binding upon the federal court is—Does the discovery rule substantially affect the outcome of the case or is it just a matter of procedure? See 4 Moore's Federal Practice, ¶ 26.23[9] at 1150–52 (2d ed. 1950), and 1 Moore's Federal Practice, ¶ 0.317[3] at 3534 (2d ed. 1960).

Rule 4:16–2 of the New Jersey Rules of Civil Procedure allows depositions to include questions requiring disclosure of the policy limits of a defendant's liability insurance.

In the case of Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941), the Supreme Court held that an order for mental or physical examination under Rule 35 of the Federal Rules of Civil Procedure is not a matter of substantive law, but procedural. Rule 35 failed to contravene the provision of the rulemaking act of 1934 that the federal rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant; it was within the rule-making authority conferred on the Supreme Court by the 1934 act. Professor Moore commented on Sibbach, "This would suggest that the discovery rules are procedural under the Erie case and that a federal court need not follow the discovery practice of the state in which the court is sitting even though the matter facing the court is legal in nature." 1 Moore's Federal Practice ¶ 0.317[3]. at 3535 (2d ed. 1960).

■ It is our feeling that we should reject plaintiff's argument that Rule 4:-16–2 of the New Jersey Supreme Court is a substantive matter, i. e., one that will substantially affect the outcome of a case, and hence binding upon us. This court, however, will keep Rule 4:16–2 in mind as a factor to be considered in determining whether plaintiff can compel the defendant to disclose his insurance policy's liability limits.

Defendant has brought to our attention McClure v. Boeger, 105 F.Supp. 612 (E.D.Pa.1952) where Judge Kirkpatrick held that defendant could withhold his public liability policy from the plaintiff.

■ There is a matter of cooperation existent between district courts of the same circuit. Yet a brother district court's decision is not obligatory upon our court, especially where that district court is outside the practices and conditions of the District Court of New Jersey. Therefore, we reject defendant's argument that we must follow the McClure holding.

Plaintiff is making his motion pursuant to Rules 33 and 26(b) of the Federal Rules of Civil Procedure, Title 28 U.S.C.

Rule 26(b) recites:

"* * * deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

Defendant urges that granting of plaintiff's motion would fail to lead to the discovery of any admissible evidence, hence the courts should deny the motion.

In McClure v. Boeger, 105 F.Supp. 612, 613 (E.D.Pa.1952) the court says:

"Of course, the fact that the information would not be relevant and that the fact of liability insurance could not be introduced at the trial does not forbid discovery * * *."

At a Seminar on Practice and Procedure under the Federal Rules of Civil Procedure, July 5–9, 1960, 28 F.R.D. 42, 49, Mr. Justice William J. Brennan, Jr., stated:

"Pretrial discovery * * * can truly be employed as a scalpel to lay bare the true factual controversy, and therein lies the basic worth of the procedures toward the attainment of the ideal of dispositions according to right and justice. In the matter of eliminating or avoiding calendar congestion, the great service of pretrial discovery * * * procedures lies in the impetus they produce toward voluntary settlement."

Rule 1 of the Federal Rules of Civil Procedure declares that the rules shall be construed "to secure the just, speedy, and inexpensive determination of every action." The plaintiff's knowledge of defendant's insurance permits a more realistic appraisal of a case and undoubtedly leads to settlement of cases which otherwise would go to trial. If the plaintiff knows that the policy limits are low he will offer or accept settlement, in all probability, even though his case has greater value.

■ The policy of encouraging settlement plus the factor of Rule 4:16–2 in the New Jersey Rules of Civil Procedure lead this court to grant plaintiff's motion.

Such a ruling would insure that in this case, to be tried within the confines of New Jersey, the parties will be provided with all the discovery advantages that the New Jersey Supreme Court, in its wisdom, based on its extensive experience, has found should be accorded them.

The motion is granted.