Helen McDANIEL, Executrix of the Estate of Thayer McDaniel, Deceased, Plaintiff,

v.

Darrel C. MAYLE, Defendant.

Civ. A. No. 36866.

United States District Court
N. D. Ohio, E. D.

June 12, 1962.

Sindell, Sindell, Bourne & Markus, Cleveland, Ohio, Richard M. Markus, Cleveland, Ohio, of counsel, for plaintiff.

Harley J. McNeal, Cleveland, Ohio, for defendant.

GREEN, District Judge.

This is an action for wrongful death, brought by the executrix of the Estate of Thayer McDaniel, seeking to recover damages in the amount of $200,000.00. Mr. McDaniel died as a result of an automobile accident, the defendant herein having been the driver of the other vehicle.

Plaintiff propounded three interrogatories to defendant. The first inquired whether defendant was insured at the time of the accident, the second the name of his insurer, and the third is as follows:

If the answer to the first interrogatory is "Yes", state the limits of liability of the insurance company or companies under each such policy for injury or death of one person.

Defendant has answered the first and second interrogatories, but has objected to No. 3 on the basis that it will not disclose any information which is admissible in evidence or which is likely to lead to the discovery of admissible evidence. The Court is of the opinion that the objection is well taken.

There is a clear divergence of opinion on this question of discoverability of insurance limits among the courts which have been called upon to pass on it, both state and federal, and among legal commentators as well. There is no clear majority on either side of the question, nor any unequivocal discernible trend.

The viewpoints favoring discovery have been well set forth in the decisions in Johanek v. Aberle, 27 F.R.D. 272 (D.C. Mont., 1961), Hurt v. Cooper, 175 F. Supp. 712 (D.C.W.D.Ky., 1959) and Brackett v. Woodall Food Products, 12 F.R.D. 4 (D.C.E.D.Tenn., 1951). In the foregoing cases many state court decisions are considered and analyzed, as well as decisions of other federal courts. The conclusion reached is supported by persuasive reasoning. See also: Orgel v. McCurdy, 8 F.R.D. 585 (D.C.S.D.N.Y. 1948). Cf. Novak v. Good Will Grange, 28 F.R.D. 394 (D.C.Conn.1961); International Standard Electric Corp. v. The Thetis, 132 F.Supp. 65 (D.C.S.D. N.Y., 1955).

The factors which have led those courts denying discovery to reach that decision are well represented by the holdings in Hillman v. Penny, 29 F.R.D. 159 (D.C.E.D.Tenn., 1962), Gallimore v. Dye, 21 F.R.D. 283 (D.C.E.D.Ill., 1958), and McClure v. Boeger, 105 F.Supp. 612 (D. C.E.D.Pa., 1952). These cases are likewise highly persuasive in their legal reasoning and analysis. See also: Roembke v. Wisdom, 22 F.R.D. 197 (D.C. S.D.Ill., 1958); Flynn v. Williams, 30 F.R.D. 66 (D.C.Conn., 1958); McNelley v. Perry, 18 F.R.D. 360 (D.C.E.D.Tenn.,

1952). Cf. Rosenberger v. Vallejo, 30 F.R.D. 352 (D.C.W.D.Pa.1962):

The Court is of the opinion that there is little to be added, by way of further discussion, to the body of law already established on this issue. It is rather a matter of determining that school of thought which one considers to represent the proper interpretation of Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., as applied through Rule 33, in relation to the discovery of the limits of liability of a defendant's insurance coverage. The Court feels that the reasoning and conclusion of Judge Frank W. Wilson in the case of Hillman v. Penny, supra, represents the proper view, and joins therein.

The Court would like to express its appreciation to counsel for plaintiff, who did an excellent job of researching and briefing the law on this question. Counsel fairly and fully presented to the Court each reported decision in this area, whether favorable to him or opposed to the view which he was presenting. His efforts were of great assistance to the Court and lessened the burden of the Court in reaching a decision on this question of law. The efforts of plaintiff's counsel in this case truly represent a fine example of a lawyer functioning as an officer of the court.

Defendant's objection to interrogatory No. 3 is sustained.