George T. COX, Margaret Cox, Frank V. Schmidt, George F. Cox, an infant, by his Guardian ad Litem, George T. Cox and Margaret E. Cox, an infant, by her Guardian ad Litem, George T. Cox, Plaintiffs,

v.

Henry H. LIVINGSTON, Jr. and Henry H. Livingston, III, Defendants.

No. 65 Civ. 2089.

United States District Court
S. D. New York.

Jan. 9, 1967.

Harry R. Schwartz, New York City, for plaintiffs.

Smith & Formidoni, New York City, for defendants.

JOHN M. CANNELLA, District Judge.

Defendants' motion for an order sustaining their objections to certain interrogatories propounded of them by the plaintiffs, is granted.

This is an action for damages arising out of an automobile accident which occurred on or about December 29, 1963. In connection therewith, the plaintiffs have propounded thirty-six interrogatories to the defendants, two[1] of which the defendants have objected to as being irrelevant, incompetent and immaterial and thus outside the scope of Rules 26 (b) and 33 of the Federal Rules of Civil Procedure.

With respect to interrogatory number seven,[2] Rule 33, which provides for discovery from an adverse party by submitting written interrogatories to him before trial to be answered under oath, is to be given broad and liberal interpretation in the interest of affording to the parties the fullest knowledge of the facts and the clarifying and narrowing of the issues. Nevertheless, the court in its sound discretion may limit the scope and use of interrogatories where, as here, the information sought is not relevant to the potential issues at trial.[3]

With respect to interrogatory number eight,[4] a more interesting and perplexing problem is posed.

Determination of the limits of liability insurance may be very helpful in securing the expeditious and early settlement of a law suit.[5] For example, if the damages are serious, yet the plaintiff knows that the limits of liability are low, the plaintiff might be willing to settle the case for a sum much less than the potential recovery. This would settle the case as far as the insurance company is concerned, but rights would be reserved against the insured.

On the other hand, the court can well visualize circumstances where a disclosure of the amount of insurance coverage to a plaintiff having less damage might jeopardize possibilities of settlement. Where, for example, the plaintiff is apprised of a large insurance coverage, human nature being what it is, he might be apt to increase his demand for settlement. The court is of the opinion that it might well be that in either case the court's congestion would increase instead of decrease.

Whether the plaintiff in an action for negligence may obtain information concerning the defendant's liability insurance by means of appropriate discovery proceedings has not been determined in this Circuit. Indeed, there appear to be no reported decisions on this topic by any Court of Appeals in the federal judicial system. There are, however, numerous decisions in the various district courts which are divided on this point,[6] includ-

---

1. The defendants have objected to answering interrogatories numbered seven and eight.

2. Interrogatory number seven asks, "what are the places of employment of defendants."

3. Fed.R.Civ.P. 26(b).

4. Interrogatory number eight asks, "what is the amount of insurance carried on the auto policy; the policy number and date of inception."

5. Cook v. Welty, 253 F.Supp. 875 (D.D.C. 1966); Rosenberger v. Vallejo, 30 F.R.D. 352 (W.D.Pa.1962); Hill v. Greer, 30 F.R.D. 64 (D.N.J.1961).

6. Compare, e. g., Hurley v. Schmid, 37 F.R.D. 1 (D.C.Or.1965); Hill v. Greer, 30 F.R.D. 64 (D.N.J.1961); in which discovery was permitted, with McDaniel v. Mayle, 30 F.R.D. 399 (N.D.Ohio 1962); Rosenberger v. Vallejo, 30 F.R.D. 352 (W.D.Pa.1962); in which discovery was refused.

ing some in another district of this Circuit.[7]

In the single reported decision in this District,[8] the court granted discovery of liability insurance in a case where the defendant contested the "issue of operation and control of the vehicle involved in the accident."[9] The relevancy which the existence of such an insurance policy might have had upon the issue of possession and control of the vehicle is apparent in that case.

The interrogatory here, however, bears no such relevance to the subject matter involved in the present action. In our case, neither the ownership nor the right to possession and control of the offending automobile is in issue.[10] Under present New York Law, a recovery can be obtained against an owner who allows his car to be used by another under both Common Law[11] and statutory provision.[12]

 Where, in an earlier case, a plaintiff, for the same reason expressed here by this plaintiff, sought knowledge of the policy limits, the absence of relevance was noted by Judge Smith, now Circuit Judge, as follows, " '[t]here is much force in the practical argument, but the information sought is beyond the scope of discovery under the rule, for it is not relevant to any present issue in the action between plaintiffs and this defendant, nor can it conceivably lead to discovery of evidence on any *present* issue.
* * * ' " [13]

The financial status of the defendant is not a relevant determinent in an ordinary negligence case such as ours. That is, whether the defendants will be able to satisfy any judgment which might be obtained against them for damages, has no relevancy to whether any judgment for damages should be rendered against them.

Accordingly, the defendants' objections to the interrogatories are sustained.

It is so ordered.

---

7. In the District of Connecticut such discovery was granted in Novak v. Good Will Grange No. 127, 28 F.R.D. 394 (D.C. 1961), but was disallowed in Langlois v. Allen, 30 F.R.D. 67 (D.C.1962) and Flynn v. Williams, 30 F.R.D. 66 (D.C. 1958).

8. Orgel v. McCurdy, 8 F.R.D. 585 (S.D. N.Y.1948).

9. Note 8, supra, 8 F.R.D. at 585.

10. Plaintiffs' allegations in the Complaint that Henry H. Livingston, Jr. was the owner of the offending automobile [¶ 1] and that at all relevant times the aforesaid motor vehicle was used with the permission of this defendant, either expressly or impliedly, [¶ 5] went unchallenged in the defendants' Answer and therefore are deemed to be admitted.

11. Rolfe v. Hewitt, 227 N.Y. 486, 125 N.E. 804, 14 A.L.R. 125 (1920). This was true even where the borrower was a member of the family, Potts v. Pardee, 220 N.Y. 431, 116 N.E. 78, 8 A.L.R. 785 (1917).

12. N.Y.Vehicle & Traffic Law, McKinney's Consol.Laws, c. 71, § 388.

13. Flynn v. Williams, 30 F.R.D. 66 (D.C. Conn.1958) (Emphasis supplied.)