UNION COUNTY CIRCUIT COURT.

SALLIE GOHEEN AND LILLIAN GOHEEN, AN INFANT BY
   SALLIE GOHEEN, HER NEXT FRIEND, PLAINTIFFS,
   v. HARRY GOHEEN, DEFENDANT.

For the defendant, *Collins & Corbin* (*Howard F. Mc-Intyre*, of counsel).

*Contra, Wilbur A. Heisley.*

Stein, Alfred A., Judge of the Union County Court of Common Pleas, designated to try Circuit and Supreme Court issues.

STEIN, C. C. J.   The above action arises out of an accident which occurred on September 3d, 1928, while the plaintiffs were riding in the automobile of the defendant.   Sallie Goheen is the mother of the defendant and Lillian Goheen is his minor daughter, aged thirteen.

The matter comes before the court on motion to strike out the summons and complaint as well as certain interrogatories served by the plaintiffs on the defendant.

The interrogatories are six in number and read as follows:

"1. Were you at the time of the happening alleged in the plaintiffs' complaint insured by any insurance company against any liability imposed by law upon you for any damage inflicted by you upon property or person by reason of the operation of the car in which you and the plaintiffs were then and there being transported?

"2. If your answer to the foregoing interrogatory is in the affirmative state what was the name of the insurance company and of the automobile and if you held a policy of insurance state its date, its number, and if said policy had previously expired, and if it had been renewed by a certificate attached thereto, state the date of the certificate as well as its expiration date?

"3. To the best of your knowledge and belief was the said policy in full force and effect at the time of the alleged happening?

"4. Had said policy ever been canceled?

"5. Was the premium fully paid up?

"6. Was the amount of the insurance mentioned in said policy as follows: For any damage to property a sum not in excess of one thousand dollars; for personal injury to one person a sum not in excess of five thousand dollars; and for all damage to property or persons a sum not exceeding ten thousand dollars?"

Whether defendant was insured at the time of the accident, the name of the company, and whether the insurance policy was in force or canceled, the amount of the premium paid up and what was the amount of the insurance are not matters material to the issue as framed by the pleadings before me. Interrogatories should relate to the case of the party presenting them and should be of such a character that, with responsive answers thereto, they will constitute relevant and competent evidence for the party propounding them. *Watkins* v. *Cope,* 84 *N. J. L.* 143.

The interrogatories propounded are not material to the issue and are not relevant and competent evidence for the plaintiffs. Therefore, the motion to strike out the interrogatories is granted.

On the argument before me on the motion to strike out the complaint it was conceded that the plaintiff Lillian Goheen is an unemancipated daughter, living in the household of the defendant and relying solely on him for her support, and that she is of the age of thirteen years, and that

Sallie Goheen, the mother of the defendant, is likewise living in the household and partially depending upon him. As to Sallie Goheen, the motion to strike out the count in the complaint setting forth her cause of action is denied.

Counsel for the plaintiff Lillian Goheen upon the argument and in his brief contends that the problem of a cause of action for personal injury brought against a father by an unemancipated minor child while living in his household should be considered an open question meriting a more careful and exhaustive analysis, and a more critical application of the factors involved and a more rational treatment than it has received in the past.

The fact remains, however, that this very question has been twice passed upon in this state. *Mannion* v. *Mannion,* 3 *N. J. Mis. R.* 68 and *Damiano* v. *Damiano,* 6 *Id.* 849. In the former case Judge Ackerson, presiding in the Hudson Circuit, says that "there is no controlling case in New Jersey, but the cases elsewhere are almost unanimous that no suit can be maintained by an unemancipated minor son against his father for an injury resulting from his negligence." Citing 29 *Cyc.* 1663; *Small* v. *Morrison,* 185 *N. C.* 577; 118 *S. E. Rep.* 12; 31 *A. L. R.* 1135; *Smith* v. *Smith (Appellate Court of Indiana, January 16th,* 1924), 142 *N. E. Rep.* 128; *Foley* v. *Foley* (cited 1925), 61 *Ill. App.* 577; *McKelvey* v. *McKelvey,* 111 *Tenn.* 388; 77 *S. W. Rep.* 664; 64 *L. R. A.* 991; 102 *Am. St. Rep.* 787; 1 *Ann. Cas.* 130. And on a like motion to strike out the complaint of such minor concludes his opinion by granting the motion to strike out. The court in the Mannion case cites practically all of the cases in other jurisdictions which have been referred to by counsel in the case before me in their respective briefs, and after a careful consideration and study of the cases cited by Judge Ackerson and the cases in other jurisdictions cited by the respective counsel before me, I have concluded that the great body of the law is opposed to the maintenance of an action on the part of a minor child for the negligent act of a parent while residing in the household of its parent and depending

upon its parent for its support. This rule is founded upon public policy and is based as was said in many cases upon the interest that society has in preserving harmony in the domestic relations.

In *Hewlitt* v. *George,* 68 *Miss.* 703; 9 *So. Rep.* 885, it was said that "the peace of society and of the families composing society and a sound public policy designed to subserve the repose of families and the best interests of societies, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent."

In *Roller* v. *Roller,* 37 *Wash.* 242; 79 *Pac. Rep.* 788, the court held among other things "the public has an interest in the financial welfare of other minor members of the family and it would not be the policy of the law to allow the estate, which is to be looked to for the support of all the minor children, to be appropriated by any particular one."

The motion to strike out the count in the complaint setting forth the cause of action of Lillian Goheen is granted.