Carmon F. GALLIMORE and Betty Galli-
more, Plaintiffs,

v.

Owen DYE, Administrator of the estate
of Silas Dye, Deceased, Defendant.

Civ. No. 3851.

United States District Court
E. D. Illinois.

Jan. 13, 1958.

James W. McRoberts, East St. Louis,
Ill., and Harold T. Berc, Chicago, Ill.,
for plaintiffs.

Wham & Wham, Centralia, Ill., and
Kelley A. Loy, Fairfield, Ill., for defend-
ant.

JUERGENS, District Judge.

Jurisdiction of this court is founded
upon diversity of citizenship. The plain-
tiffs are citizens and residents of the
State of Tennessee. The defendant is
a citizen of the State of Illinois. The
amount in controversy fairly exceeds the
sum of $3,000, exclusive of interest and
costs.

This cause arises out of an automobile
accident which occurred near Cisne,
Illinois, in which it is alleged the plain-
tiffs received injuries and that such
injuries were sustained as a result of
the negligent operation of an automobile
by the defendant's intestate.

The cause is before the court at this time for the purpose of (1) considering the defendant's motion to strike certain parts of the amended complaint, and (2) deciding the validity of the defendant's objections to certain interrogatories propounded by the plaintiffs. The questions will be considered in reverse order.

The defendant's objections are directed against the following interrogatories propounded by the plaintiffs:

"2. State whether or not the decedent was protected by insurance coverage against any loss which might have been sustained by the decedent by virtue of this cause of action.

"3. If the answer to the foregoing interrogatory is in the affirmative, state the name of the insurance company involved, the amount of insurance carried, and attach a true and correct copy of the aforementioned insurance policy."

The defendant objects to these interrogatories on the grounds that:

"1. Said Interrogatories and each of them relate to totally, irrelevant and immaterial matters so far as the issues of this case are concerned.

"2. Said Interrogatories or the prospective answers thereto do not reasonably tend to lead to the discovery or further discovery of facts or matters material or relevent to the issues of this case."

Rule 33 of the Federal Rules of Civil Procedure, Title 28 U.S.C., provides in pertinent parts as follows:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served * * *. Interrogatories may relate to any matters which can be inquired into under Rule 26(b), * * *."

Rule 26(b) provides in pertinent parts as follows:

"Unless otherwise ordered by the court * * *, the deponent may be examined regarding any matter, not privileged, *which is relevant to the subject matter involved in the pending action,* whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, * * *. It is not ground for objection that the testimony will be inadmissible at the trial *if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.*" (Emphasis supplied.)

The federal courts are not in agreement on the question of whether a party is entitled, under the Federal Rules, to have his opponent state whether or not he is covered by liability insurance.

In Orgel v. McCurdy, 8 F.R.D. 585, the United States District Court for the Southern District of New York held that such an inquiry was properly within the rules since disclosure of the amount of insurance carried by the defendant was generally relevant to the issues, and in Brackett v. Woodall Food Products, 12 F.R.D. 4, 5, the United States District Court for the Eastern District of Tennessee, Southern Division, held that the plaintiff's interrogatories calling for information concerning liability insurance carried by the defendant were proper, since it might afford the plaintiffs rights under the policy provisions to which they would otherwise not be able to avail themselves. " * * * (T)he defendant will answer as to its financial condition, this being a pertinent inquiry where, as here, punitive damages are sought."

In McClure v. Boeger, 105 F.Supp. 612, the United States District Court for the Eastern District of Pennsylvania denied the plaintiff's motion for the production of the defendant's liability insurance policy in an action for personal injuries incurred in an automobile accident. The court held that while the fact that the information would not be

relevant and that the fact of liability insurance could not be introduced at the trial did not necessarily forbid discovery, yet the advantages the plaintiff might gain would not be advantages having anything to do with his presentation of his case at the trial and would not lead to disclosure of the kind of information which was the objective of discovery procedure. And again in McNelley v. Perry, 18 F.R.D. 360, 361, the United States District Court for the Eastern District of Tennessee, Northern Division, where interrogatories pertaining to liability insurance were presented to the court for a ruling as to the propriety of such questions, it was said:

"As a general rule, the purpose of seeking information from an adversary, or a witness, is twofold: (1) to use it in the trial, or (2) to use it as a lead to information for use in the trial. It is not shown in this case that the information sought about insurance would be relevant to either purpose."

The court sustained the objections to the interrogatories, ruling that the interrogatories were improper.

The State courts likewise are not in agreement as to the propriety of interrogatories seeking the disclosure of liability insurance coverage in suit similar to the one here before the court. It is noted that in some of the States having rules of procedure similar to the Federal Rules of Civil Procedure, the courts have held interrogatories questioning the existence, limits, and provisions of liability insurance to be proper interrogatories, while others have held that such interrogatories were not germane to the issues presented in the case and were, therefore, improper.

The Federal Rules set out above clearly limit discovery to matters which are relevant to the subject matter of the pending action or are reasonably calculated to lead to the discovery of matters which are relevant to the subject matter. The answers to the interrogatories propounded as above set forth would do neither. The subject matter is the charge of negligence against the defendant which caused the injury to the plaintiff. Answers to the propounded interrogatories would not be relevant to show negligence nor would they be reasonably calculated to lead to the discovery of admissible evidence showing negligence. The policy, if any, would not prove or tend to prove the alleged negligence. The proof of such negligence must be made dehors the policy.

Under Illinois law, which is the controlling substantive law in this case, the existence of liability insurance is clearly not evidentiary matter, and may not be used at the trial.

If the plaintiff is permitted to discover the existence, amount, and provisions of liability coverage under the discovery provisions of Federal Rules prior to liability having been determined against the defendant, then it could logically follow that he should be permitted the same latitude in discovery of the defendant's other assets, such as stocks, bonds, real estate, bank account, and in general the total assets of the defendant of whatever nature or kind. It would then, under cover of these rules, be possible for anyone to discover the assets of anyone else merely by filing a complaint against the party whose assets the filing party desires to know and then propound the interrogatories. This, whether the party filing has a valid claim or has merely conjured up a claim for the sole purpose of discovering the assets of the party charged.

Requiring the disclosure of the insurance policy, or other assets, which could very well be the next step, would give to all the world knowledge of the financial condition of any given defendant because court records generally are open for public inspection and this would certainly, in the opinion of this court, invade the privacy of an individual before any liability has been determined

against him. A more tempting invasion of the right of privacy or violation of the right against unreasonable searches would be difficult to imagine.

It is not the presence or absence of liability insurance or other assets that the defendant may have that creates liability in a negligence action. Negligence of the defendant is the gravamen in such actions. The plaintiff's cause must rise or fall on its own merits and on the ability of the plaintiff to prove liability against the defendant. This court fails to see how the presence or absence of liability insurance can have any probative value in this case. It does not, and could not have any bearing on the liability or nonliability of the defendant, nor does this court conceive how receiving answers to the interrogatories objected to here could lead to any matters having any probative force in deciding the issues in this cause, nor aid the plaintiff in establishing his cause by a preponderance or greater weight of the evidence which, under the law, he is required to do, before he is entitled to collect anything from the defendant.

Plaintiffs' case should be decided on its merits and not on the fact that the defendant has insurance or other assets, or that the defendant does not have insurance or other assets. First, let the plaintiffs prove liability against the defendant, and then come into court and solicit the aid of the court in collecting the judgment rendered in their favor. Let them do this without the benefit of the knowledge of any insurance.

It is true that there are circumstances under which the disclosure of the amount of insurance might be conducive to a settlement of the cause without the necessity of litigation, especially where the defendant is deemed judgment-proof aside from the amount of liability insurance he may have. But would such advantage to the plaintiff outweigh the infringements upon the rights of the defendant. It is also true that divulging information concerning insurance coverage could possibly aid in relieving congested court dockets. But the fact that the courts are congested has no bearing on the fundamental rights of a defendant to have his day in court and until he has had his day in court and there found liable, it is not proper to invade his privacy and require a disclosure of his assets, be it an insurance contract or a bank account.

Courts were established for the purpose of providing a forum in which litigants could come in on an equal footing under the law and try the issues of their case without force, coercion, exertion, or intimidation. By requiring the defendant to disclose to the plaintiff an account of his personal assets, be it an insurance contract, or other personal property which might or could strengthen the position of the plaintiff, before liability has been established against the defendant, is not making available the type of forum which the courts were established to provide. It is true that under the Federal Rules of Civil Procedure the parties may be required to make disclosures of facts, documents, etc., even to the extent of requiring the plaintiff to submit himself for a physical examination in personal injury cases. However, this does not mean that the defendant must disclose his ability to pay. These instances are not parallel. In the case of the physical examination the defendant is entitled to know the extent of plaintiff's injuries, to know the validity of plaintiff's claim, to know whether or not the plaintiff is malingering and to know the severity of the plaintiff's injuries, all of which are pertinent to the determination of liability and are of great probative value to the defendant because he is the party required to depart with his assets in the event he has been found guilty of causing the injury.

The nature and extent of the plaintiff's injuries will be the same whether the defendant has insurance or not and he should not have one set of figures to

present in case there is insurance and another set if there is no insurance. His injuries will not be aggravated or mitigated by the existence or non-existence of insurance coverage. Under the Federal Rules one very basic factor must first be present, that is, that the matter to be discovered may be used at the trial or that the matter to be discovered may reasonably be calculated to lead to matters which may be used at the trial. There is no showing here that the information requested concerning insurance would be relevant to either purpose.

A reasonable inference of the arguments in McClure v. Boeger, D.C., 105 F.Supp. 612, and Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649, is that a defendant could be required to disclose his financial resources prior to an adjudication of liability. To this court it appears that such requirement would contravene the provisions of the Fifth Amendment. It would further appear that to require a defendant to disclose his insurance coverage prior to adjudication of liability would also be a contravention of the Fifth Amendment.

Moore's Federal Rules, page 154, says:

"The scope of examination covers, then, not only evidence for use at the trial but also matters in themselves inadmissible as evidence; *matters entirely without bearing either as direct evidence or as leads to evidence are, of course, not within the scope of inquiry * * *.*" (Emphasis supplied.)

■ In the case under consideration it clearly appears that the matter for which disclosure is asked cannot be used at the trial nor would such disclosure be reasonably calculated to lead to the discovery of matters which could be used at the trial. It is, therefore, apparent that the requirements of the rules are not met and the objections to the interrogatories should be sustained.

The defendant's motion asks that certain portions of the amended complaint be stricken for the reasons that:

(1) they are merely general charges of negligence; and

(2) that insufficient facts are alleged to show that the defendant's intestate was negligent as charged in the specific allegations of negligence.

■ Under Rule 8(a) (2) of the Federal Rules of Civil Procedure, Title 28 U.S.C., a complaint must contain a short, plain statement of the claim showing that the pleader is entitled to relief. If the pleading gives the opposing party fair notice of the nature of the claim, the basis upon which it is founded, and a general indication of the type of litigation involved, it is sufficient to comply with the rules. Barron & Holtzoff, Federal Practice and Procedure, Volume 1, Section 255.

■ The defendant's objection to the general charge of negligence is not well founded. In Eizerman v. Behn, 9 Ill. App.2d 263, 132 N.E.2d 788, 793, the court said, "Here there is an allegation of general negligence which standing alone would be sufficient to support the verdict without any allegation setting out the particular acts upon which the general charge of negligence is predicated." In viewing the Federal Rules and the Illinois requirements for stating a cause of action under Illinois law, which is the controlling substantive law in this case, it appears that the defendant's objection to the general charge of negligence is void of merit.

■ The defendant contends that the plaintiffs' reference to a "stop control sign" is inadequate since the plaintiff does not also set out that the sign referred to is of the type described in the statute and that the sign was erected by proper authorities. The rules do not require such detailed pleading of fact.

■ The defendant further states that subparagraph (f) of paragraph 7 of Count I and subparagraph (f) of paragraph 8 of Count II should be stricken for the reason that no negligence is alleged in the subparagraphs. An ex-

amination of the subparagraphs discloses that the defendant is charged therein with failure to yield the right of way to the plaintiff contrary to § 183, paragraph 86, Chapter 95½, Illinois Revised Statutes, 1955. The court is of the opinion that failure to yield the right of way contrary to law, as alleged in the complaint, may well be an act of negligence and that the defendant's objection is not well founded.

The complaint alleges that the defendant's intestate failed to give any warning or signal to the plaintiffs as they were approaching and passing the aforesaid crossroad. The defendant states that it is obvious from the complaint that the defendant's intestate was not required to give any warning or signal and that under the circumstances no warning or signal would have been feasible. This contention can be disposed of at the trial on the merits.

After full consideration of the complaint and the objections thereto, the court is of the opinion that the motion to strike portions thereof must be denied.