Walter A. ROEMBKE and Helen V. Roembke, Plaintiffs,

v.

Junior WISDOM, Defendant.

Civ. A. No. 2443.

United States District Court
S. D. Illinois, S. D.
June 11, 1958.

**198**

Stanford Meyer, Meyer & Meyer, East St. Louis, Ill., for plaintiffs.

Frederick H. Stone, George B. Gillespie, Gillespie, Burke & Gillespie, Springfield, Ill., for defendant.

BRIGGLE, Chief Judge.

Jurisdiction of this Court is founded upon diversity of citizenship. The plaintiffs, citizens and residents of the State of New Jersey, bring this action against the defendant, a citizen and resident of the State of Illinois. Each plaintiff seeks damages in an amount exceeding the sum of $3,000, exclusive of interest and costs.

The cause arises out of an automobile accident, occurring within this District. The plaintiffs, by their complaint filed herein, allege that while they were in the exercise of due care and caution for their own safety, the defendant was guilty of certain negligent acts or omissions, which proximately caused the injuries and damages to the plaintiffs. Defendant has filed his answer denying that the plaintiffs were in the exercise of due care and caution for their own safety, denying that he was guilty of any negligent act or omission which proximately caused the injuries and damages complained of, and also denying that the plaintiffs were damaged to the extent and in the manner claimed.

After the case was at issue, plaintiffs filed and propounded eight interrogatories to the defendant, under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Defendant answered Interrogatories 6, 7, and 8, but objected to Interrogatories 1 through 5, inclusive, upon the grounds that the interrogatories were not within the scope of the Federal Rules of Civil Procedure. The interrogatories to which objection was made, were, as follows:

"1. State whether or not on the date of the occurrence mentioned in the Complaint herein there was a policy of public liability insurance insuring the defendant.

"2. If the Answer to Interrogatory No. 1 is affirmative, state the name and address of such insurance company, the number of the policy, the effective date thereof and the expiration date thereof.

"3. If the Answer, to Interrogatory No. 1 is in the affirmative, state the limits of the insurance afforded by any policy mentioned in the Answer to Interrogatory No. 2 as follows:

"a. for any one person

"b. for all persons injured in one occurrence

"c. for property damage.

"4. State the name and address of the person who has possession of the policy as of the date of the reply to these Interrogatories.

"5. State the name insured under and by virtue of any policy of insurance mentioned in Answer to Interrogatory No. 2."

State Courts are not in complete harmony as to whether the plaintiff is entitled to obtain from the defendant, disclosure of information relating to any liability insurance the defendant may have. See People, ex rel. Terry, v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588, and cases therein cited. Federal Courts,

likewise, have not been in complete agreement on this subject.

Rule 33 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., provides, in part, the following:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served \* \* \*. Interrogatories may relate to any matters which can be inquired into under Rule 26(b), \* \* \*."

Rule 26(b) provides, among other things:

"Unless otherwise ordered by the court \* \* \*, the deponent may be examined regarding any matter, not privileged, *which is relevant to the subject matter involved in the pending action*, whether it relates to the claim or defense of the examining party or to the claim or defense of another party, \* \* \*. It is not ground for objection that the testimony will be inadmissible at the trial *if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."* (Emphasis supplied.)

The purpose of discovery is for preparation for trial. A party, by use of the discovery rules, may obtain direct evidence for use in trial, or may obtain pertinent information that will lead to evidence for use in trial. The scope of discovery is broad, and so long as the information sought by interrogatories or deposition can reasonably be said to lead to the discovery of admissible evidence it must be given.

In the instant case there are three issues:

1. Were the plaintiffs in the exercise of due care and caution for their own safety;

2. Was the defendant guilty of any negligent act or omission, which proximately caused the injuries and damages complained of;

3. The extent of the injuries and damages sustained by the plaintiffs.

The existence or non-existence of liability insurance is not an evidentiary matter that may be used at the trial, nor is it relevant to the subject matter involved in the pending action. An inquiry as to whether the defendant had insurance at the time of the collision is not reasonably calculated to lead to the discovery of any admissible evidence on the issues raised by the pleadings. Similar conclusions have been reached in McNelly v. Perry, D.C.E.D.Tenn., 18 F.R.D. 360, 361 and in Gallimore v. Dye, D.C.E.D.Ill., 21 F.R.D. 283, 285 which appear to be based upon a proper interpretation of the applicable rules.

The objections to Interrogatories 1 through 5, inclusive, are sustained.