ELMA MECKE, APPELLEE, v. MAX BAHR, APPELLANT.

129 N. W. 2d 573

Filed July 17, 1964. No. 35689.

Frederick M. Deutsch, William I. Hagen, and James P. Monen, for appellant.

Roscoe L. Rice, Frank Roubicek, and George F. Johnson, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from the imposition of a fine of $100 on the defendant for contempt of court for refusing in open court to answer an interrogatory as ordered by the court. The defendant has appealed.

The record discloses that the plaintiff commenced an action against the defendant, seeking damages for personal injuries and property damage sustained in an automobile accident.

During the pendency of the case for trial, plaintiff directed the following interrogatory to the defendant: "What is the name of the insurance company, policy number, coverage and limits of liability insurance coverage issued by the automobile insurance company that had your 1961 Chevrolet sedan insured on October 6, 1962, at the time of the accident involved herein?"

The defendant objected to answering the interrogatory as follows: "The objection is that the information sought is not relevant to the subject matter involved in the pending action; that the information sought would not be admissible at the trial of the pending action nor would the disclosure of said information appear rea-

sonably calculated to lead to the discovery of admissible evidence."

The record shows that on the hearing before the court on defendant's objections to the interrogatory, and after the overruling of the objections, counsel for defendant advised the court that he had been directed by his client not to disclose the amount of coverage under the insurance policy, and, without intending any personal disrespect for the court, to stand in contempt of the court's order in order that the question could be appealed to the Supreme Court and a final disposition of the issue obtained. The trial court thereupon assessed a fine of $100 on defendant for contempt of court and this appeal was taken therefrom.

It is provided in part by section 25-1267.38, R. R. S. 1943: "Interrogatories may relate to any matters, not privileged, which are relevant to the subject matter involved in the pending action, and the answers may be used by any party to the same extent as testimony taken by deposition."

By section 25-1267.02, R. R. S. 1943, it is provided as to the scope of the examination in the taking of depositions: "Unless otherwise ordered by the court, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

The statute governing the use of interrogatories is patterned after Rules 26(b), 26(d), and 30(b) of the Federal Rules of Civil Procedure. The adoption of a

rule of a foreign jurisdiction ordinarily requires that great weight be given to the construction given such rule by the courts of such foreign jurisdiction, except where it is violative of some established state policy. The rule is of little aid in the instant case because of the division of authority in the federal courts on the construction to be given to the applicable federal rules. The division in authority also extends into the holdings of the state courts. Since the case is one of first impression in this state, our construction of the applicable statutes necessarily rests on sound reasoning rather than on the weight of authority in other jurisdictions.

Under Federal Rule 26(b), there is included the provision: "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." This provision is not contained in section 25-1267.38, R. R. S. 1943, but it is contained in section 25-1267.02, R. R. S. 1943, and must be considered in pari materia in view of the provision in section 25-1267.38, R. R. S. 1943, stating "and the answers may be used by any party to the same extent as testimony taken by deposition." It seems to us, therefore, that the issue resolves itself into the question as to whether the information sought, admittedly not admissible at the trial, "appears reasonably calculated to lead to the discovery of admissible evidence."

Cases which hold that the coverage and limits of liability insurance are proper subjects of discovery rely largely upon the following reasons: The Legislature has, by statute, conferred an interest in such a policy upon every member of the public who is negligently injured, and its existence and amount are related to the merits of the matter in litigation. People ex rel. Terry v. Fisher, 12 Ill. 2d 231, 145 N. E. 2d 588. To be relevant to the subject matter involved, the matter inquired about need not be evidence which will be admissible at trial, nor need it be reasonably calculated to

lead to discovery of admissible evidence, and the existence of liability insurance and the policy limits of such insurance were relevant to the subject matter of an automobile accident case. Lucas v. District Court, 140 Colo. 510, 345 P. 2d 1064. Since the standard liability policy evidences a contract which inures to the benefit of every person who may be negligently injured by the insured and recovery may be had against the insurer upon judgment being entered against the insured, the insurance carrier is in fact a party in interest. The insurance carrier ordinarily does the investigation work, employs counsel for its insured, and assumes control of the litigation. An insurance contract is no longer a secret, private, confidential arrangement between the insurance carrier and the individual, but is an agreement that embraces those whose person or property may be injured by the negligence of the insured. The questions are relevant to the subject matter of the litigation and within the spirit and meaning of the rule. Maddox v. Grauman (Ky.), 265 S. W. 2d 939, 41 A. L. R 2d 964. See, also, Brackett v. Woodall Food Products, 12 F. R. D. 4; Orgel v. McCurdy, 8 F. R. D. 585.

Cases holding that the coverage and limits of liability insurance are not properly subjects of discovery before trial rely upon the following reasons: Purpose of discovery rules is to take surprise out of trials of cases by permitting all relevant facts and information to be ascertained in advance of trial, but information which can have no bearing on the merits is not subject to discovery. Amounts and limits of insurance liability coverage, sought for the purpose of evaluating the case for purposes of possible settlement, are not relevant and subject to discovery. Jeppeson v. Swanson, 243 Minn. 547, 68 N. W. 2d 649. The rule permitting discovery of matters relevant to subject matter in pending action is applicable only to matters admissible in evidence or calculated reasonably to lead to the discovery of ad-

missible evidence in a pending action. Discovery on the theory that it would aid in negotiation of a settlement is not within the purview of the rule. Brooks v. Owens (Fla.), 97 So. 2d 693. The purpose of Rule 26(b) was to limit the meaning of the term "which is relevant to the subject matter involved" to the discovery of facts either to use in the trial, or to use it as a lead to information for use in a trial. The California and Illinois cases are based in part upon their interpretation of statutes which, in our opinion, in nowise justify the broadening of the language used in Rule 26(b). The public policy declared in Tom Reed Gold Mines Co. v. Morrison, 26 Ariz. 281, 224 P. 822, is diametrically opposed to defendant's position and Rule 26(b) construed most favorably in favor of the right of discovery does not justify it. Di Pietruntonio v. Superior Court, 84 Ariz. 291, 327 P. 2d 746. The Federal Rules of Civil Procedure clearly limit discovery to matters which are relevant to the subject matter of the pending action or are reasonably calculated to lead to the discovery of matters which are relevant to the subject matter. The answers to the interrogatories propounded as above set forth would do neither. The subject matter is the charge of negligence against the defendant which caused the injury to the plaintiff. Answers to the propounded interrogatories would not be relevant to show negligence nor would they be reasonably calculated to lead to the discovery of admissible evidence showing negligence. The policy, if any, would not prove nor tend to prove the alleged negligence. The proof of such negligence must be made dehors the policy. If the plaintiff is permitted to discover the existence, amount, and provisions of liability coverage under the discovery provisions of Federal Rules of Civil Procedure prior to the determination of liability against the defendant, then it would logically follow that the same latitude would extend to defendant's other assets. Requiring the disclosure of the insurance policy or other assets would give to all the world

knowledge of the financial condition of any defendant, and thereby invade the privacy of an individual before any liability has been determined against him. A more tempting invasion of the right of privacy or violation of the right against unreasonable searches would be difficult to imagine. The disclosure of insurance might be conducive to a settlement without litigation, but such advantage to the plaintiff would not outweigh the infringements upon the rights of the defendant. The holdings in the Illinois, Colorado, and Kentucky cases, cited herein, appear to require a disclosure of defendant's financial resources prior to an adjudication of liability. This appears to violate the Fifth Amendment to the Constitution of the United States. The matter for which disclosure is asked cannot be used at the trial nor would such disclosure be reasonably calculated to lead to the discovery of matters which could be used at the trial. It is apparent that the requirements are not met and the objections to the interrogatories should be sustained. Gallimore v. Dye, 21 F. R. D. 283. It appears that the weight of reason is on the side of interpreting the rule as not contemplating or permitting the disclosure by discovery of insurance matters in the ordinary automobile accident case where punitive damages are not involved and where the evidence would not be admissible upon trial nor reasonably lead to admissible evidence. Hillman v. Penny, 29 F. R. D. 159. See, also, Langlois v. Allen, 30 F. R. D. 67; McNelley v. Perry, 18 F. R. D. 360; Goheen v. Goheen, 9 N. J. Misc. 507, 154 A. 393; Roembke v. Wisdom, 22 F. R. D. 197; State ex rel. Allen v. Second Judicial Dist. Court, 69 Nev. 196, 245 P. 2d 999; Verrastro v. Grecco, 21 Conn. Sup. 165, 149 A. 2d 703.

In our opinion the provisions of section 25-1267.38, R. R. S. 1943, providing that interrogatories may relate to any matters, not privileged, which are relevant to the subject matter involved in the pending action are limited by section 25-1267.02, R. R. S. 1943, wherein it is

provided that it is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. The above provisions are contained in the same act and it appears that the provisions are to be construed together, since they are in pari materia by virtue of the provisions of section 25-1267.02, R. R. S. 1943, providing that the answers to interrogatories may be used by any party to the same extent as testimony taken by deposition.

The interrogatory before us does not call for answers that would be admissible at the trial. We fail to see how the testimony sought by the interrogatory appears reasonably calculated to lead to the discovery of admissible evidence, and the plaintiff below does not so contend. The subject matter is the charge of negligence against the defendant which caused the injury to the plaintiff. The answer to the propounded interrogatory would not be relevant to show negligence nor would it be reasonably calculated to lead to the discovery of admissible evidence showing negligence. It is not the province of the courts to declare a matter of public policy by construing legislative language beyond its express terms. The establishment of public policy is the province of the Legislature, not the courts.

We think the Minnesota court correctly analyzed the situation when it said: "Under the guise of liberal construction, we should not emasculate the rules by permitting something which never was intended or is not within the declared objects for which they were adopted. Neither should expedience or the desire to dispose of lawsuits without trial, however desirable that may be from the standpoint of relieving congested calendars, be permitted to cause us to lose sight of the limitations of the discovery rules or the boundaries beyond which we should not go. If, perchance, we have the power under the enabling act to extend the discovery rules to permit discovery of information desired for the sole

purpose of encouraging or assisting in negotiations for settlement of tort claims, it would be far better to amend the rules so as to state what may and what may not be done in that field than to stretch the present discovery rules so as to accomplish something which the language of the rules does not permit." Jeppesen v. Swanson, *supra*.

We are of the opinion that the objections to the answering of the interrogatory in the instant case should have been sustained. The judgment of the district court is therefore reversed and the cause remanded with directions to sustain the objection of defendant to the interrogatory here questioned.

REVERSED AND REMANDED WITH DIRECTIONS.

BROWER, J., concurring.

I concur in the opinion of the court herein. The opinion discusses holdings of other courts, some of which may have held that either a disclosure of the defendant's financial responsibility or the amount of insurance which such a defendant carries would be in violation of the Fifth Amendment to the Constitution of the United States. Constitutional questions were not before the court in considering this case and I am sure that nothing in the opinion was meant to infer that this court was in its decision passing upon that aspect of the case.

WHITE, C. J., dissenting.

I respectfully dissent from the majority opinion and the position as presented therein. An interrogatory requiring, within the discretion of the court, the disclosure of liability insurance coverage and its limits should be allowed because:

1. The term "subject matter" of an action embraces a much broader range of discovery than "admissible evidence" as to liability issues only. As the majority opinion points out, the statute follows and copies Federal Rule 26 and ordinarily calls for an interpretation consistent with the federal court's interpretation. The important part of the rule and our statute for the pur-

poses of our examination is: "Interrogatories may relate to any matters, not privileged, which are relevant to the *subject matter* involved in the pending action, * * *." § 25-1267.38, R. R. S. 1943. The basic premise of the majority opinion is that the interrogatory requiring the disclosure of liability insurance does not call for answers that would be admissible at the trial of the case on the issue of liability. This, in turn, is based upon the reasoning and statement in the majority opinion that says: "The subject matter is the charge of negligence against the defendant which caused the injury to the plaintiff." It then follows, of course, that the testimony sought by such an interrogatory is not relevant to such an issue and could not be calculated to lead to the discovery of any admissible evidence *on this issue*. The core of the reasoning of the majority opinion appears in the following language: "The answer to the propounded interrogatory would not be relevant *to show negligence* nor would it be reasonably calculated to lead to the discovery of admissible evidence showing negligence. It is not the province of the courts to declare a matter of public policy by construing legislative language beyond its express terms. The establishment of public policy is the province of the Legislature, not the courts." (Emphasis supplied.)

The majority opinion in this case basically operates on the premise that the definition of the "subject matter" of the action is identical with the definition of the "issues as shown by the pleadings in a case." And it is true that some courts have so construed these words. As a preliminary observation, it seems to me that the very fact that the Legislature, following the federal rules, especially declared that the "subject matter" of the action would be the test is very significant. The use of a broader term than "issues" certainly indicates an attempt to open up the field of interrogatories into a broader area than exist under previous deposition procedure. The whole philosophy and purpose of pre-

trial and the newer discovery procedures are directed toward the discovery of much broader areas of information than evidence strictly material to the confined issues of liability. These purposes embrace discovery as to the whole action as distinguished from the older concept of mere perpetuation of testimony material to the issues of negligence or liability at the trial. This is well illustrated by the announced, declared, and established rule that any interrogatory, which is reasonably calculated to produce material evidence is proper. Federal Rule 26 and our statute are a calculated departure from the narrow permissible range in classic deposition procedure as it existed before the new discovery procedures. Section 25-1267.01, R. R. S. 1943, says: "Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories *for the purpose of discovery* or *for use as evidence* in the action or for both purposes." (Emphasis supplied.) We, therefore, have the terms "discovery" or "for use as evidence" to be interpreted as they relate to a distinction between "subject matter" and evidence material to liability issues. An area of inquiry broader than that of the proposed opinion is apparent from an analysis of the language of these statutes themselves. As a general proposition, the cases unequivocally support the proposition that the term "subject matter" is much broader than the term "issues." See the following authorities: 2A Barron & Holtzoff, Federal Practice and Procedure, § 646, p. 57; Maddox v. Grauman (Ky. 1954), 265 S. W. 2d 939, 41 A. L. R. 2d 964; Bloomer v. Sirian Lamp Co. (1944), 4 F. R. D. 167; Hercules Powder Co. v. Rohm & Haas Co. (1943), 3 F. R. D. 302; Laird v. United Shipyards (1941), 1 F. R. D. 772; Stevenson v. Melady (1940), 1 F. R. D. 329.

As is pointed out in these cases, discovery beyond the range of the issues is the better construction, but particularly in light of the fact that it is impossible at the time of discovery and the taking of interrogatories to

determine just exactly what the issues are that are involved in the case as they may not be clearly defined at that time. I feel that to limit an examination to matters relevant only to the precise liability issues in the case at the time of the taking would be contrary to the express language and purposes of the act and would ignore the history of the development of the rule announced in the statute. An interrogatory, in my opinion, should be considered relevant where there is any reasonable probability that information sought may be relevant to the subject matter of the action at any stage in the proceedings prior to the satisfaction of judgment. A party should be able to discover material evidence as to issues already present in a case. He should also be able to discover facts which will enable him to either eliminate, change, or frame new issues in a case. If this be not true, what then was the purpose of the Legislature in enacting these new discovery statutes, or of Federal Rule 26, when adequate means were already afforded to discover material evidence relevant to the actual issues in a case?

2. The "subject matter" embraces those steps which are necessary to collect a judgment. It would ignore reality if it were not said that this is the end objective of the action. Since this information is, therefore, clearly discoverable at a later point in the action, why should it not be discoverable, within the discretion of the court, at any time after the commencement of the action? Is there some peculiar damage suffered by a defendant (in an insurance case) because of the time point of departure of such an interrogatory?

3. This interrogatory does not permit a fishing expedition into the general discovery of the defendant's private wealth or personal assets. The inquiry here is directed only towards that segregated portion of a defendant's assets (the insurance contract) which is designed to protect the plaintiff and all other injured persons on the public highways and to which contract

the plaintiff is a third party beneficiary. What injury could there be in compelling the defendant to disclose to the injured person information about a contract that he created for this purpose? It also seems to me that in examining this situation we are ignoring the realities. We could not honor the objection of the insurance company as such since it is not a party to the case under our procedure. Fielding v. Publix Cars, Inc., 130 Neb. 576, 265 N. W. 726, 105 A. L. R. 1306. If the insured and the company are adversary to each other with reference to disclosure, why should the company be permitted, under the guise of the contractual right to represent a defendant, to secrete that which it is usually for the best interests of a defendant to disclose? The policy and its disclosure are designed to and usually prevent a reach into a defendant's property and assets.

4. Public policy, as expressed in our statutes, will be served as follows:

a. The financial responsibility statute requires the disclosure, by the defendant and the insurance company, to the state in the event of a personal injury to the plaintiff. Should not the disclosure be made to the very class of persons that the defendant and the insurance company protect under the terms of the policy and which is thought important enough to require the disclosure to the state in the interests of protecting travelers on a public highway?

b. Expedite the settlement of litigation. The subject matter of a personal accident embraces the end objective of the collection of money. As the authorities point out, a highly relevant matter to the "subject matter" is the amount of assets that are available to pay the claim before or after the judgment. In my opinion, a refusal to disclose the limits of coverage will have a tendency to harden the plaintiff in his determination to secure a final judgment and blind his eyes to compromise. It would seem that this would be true and especially when the more serious injuries are involved.

He may, and many times will, require that the litigation reach the point where he can pursue the disclosure interrogatory as to insurance. This aspect of the litigation, therefore, becomes a game, depending on the resolution of an issue collateral to the determination of liability issues. If the "subject matter" goes further than liability issues, it is difficult to see how anything could be more material than how much money is available to pay the judgment secured in the action.

5. Even before an action is filed or any issues as to liability are framed, a party litigant in our state under section 25-1267.08, R. R. S. 1943, relating to the perpetuation of testimony may, *within the discretion of the court,* secure any information pertinent to the "subject matter" of the expected action and his interest therein. That our perpetuation statute gives force to an interpretation of the interrogatory statute requiring this disclosure is supported by the following cases: Demaree v. Superior Court, 10 Cal. 2d 99, 73 P. 2d 605; Superior Insurance Co. v. Superior Court, 37 Cal. 2d 749, 235 P. 2d 833; Laddon v. Superior Court, 167 Cal. App. 2d 391, 334 P. 2d 638. We do not have a probable action here. We have a pending action. We are closer to the point of the necessity of discovery than we are in any action contemplated by the perpetuation statute. Information as to other issues may be frozen in writing to secure its existence for the future. Are assets of a defendant which are peculiarly designed to respond to this particular type of action and judgment any more sacrosanct? It would seem that this argument would have peculiar force in this situation because we are talking about a contract in which the defendant has designated the plaintiff as a beneficiary of the assets available to pay the very judgment contemplated in the action.

6. Besides the perpetuation statute, the provisions in our law permitting attachment and garnishment before trial under certain conditions and under the discretion of the court are consistent with and harmonious with

the discretionary power of a court to compel the disclosure required by this interrogatory. Why should there be any halo of secrecy surrounding this particular portion of a defendant's assets and especially so when he has designed and segregated the insurance contract to accomplish the very purpose for which disclosure is sought?

Our statute, section 25-1267.24, R. R. S. 1943, protects a defendant completely from an unwarranted or unjust disclosure. The court at any time may limit the scope and the manner of the taking of interrogatories. The defendant at any time has the right to a protective court order and, as the procedure in this case itself illustrates, he may even take an appeal to this court for an independent determination of whether there has been an abuse of discretion on the part of the trial court.

The majority opinion mentions the conflict of authority on this point. It seems to me that the recent cases and the weight of reason is strongly in favor of such dicovery as is contemplated by the interrogatory in this case. Johanek v. Aberle (1961), 27 F. R. D. 292; Hurt v. Cooper (1959), 175 F. Supp. 712; Brackett v. Woodall Food Products, Inc. (1954), 12 F. R. D. 4; Lucas v. District Court (1959), 140 Colo. 510, 345 P. 2d 1064; Laddon v. Superior Court (1959), 167 Cal. App. 2d 391, 334 P. 2d 638; People ex rel. Terry v. Fisher (1957), 12 Ill. 2d 231, 145 N. E. 2d 588; Maddox v. Grauman (Ky. 1954), 265 S. W. 2d 939, 41 A. L. R. 2d 964; Roembke v. Wisdom (1958), 22 F. R. D. 197; Gallimore v. Dye (1958), 21 F. R. D. 283; McNelley v. Perry (1955), 18 F. R. D. 360; McClure v. Boeger (1952), 105 F. Supp. 612; Ruark v. Smith (1959), 51 Del. Super. 420, 147 A. 2d 514; Di Pietruntonio v. Superior Court (1958), 84 Ariz. 291, 327 P. 2d 746; Brooks v. Owens (Fla. 1957), 97 So. 2d 693; Jeppesen v. Swanson (1955), 243 Minn. 547, 68 N. W. 2d 649; Hill v. Greer (1961), 30 F. R. D. 64; Schwentner v. White (1961), 199 F. Supp. 710; Novak

v. Good Will Grange No. 127, Patrons of Husbandry, Inc. (1961), 28 F. R. D. 394; Furumizo v. United States (1963), 33 F. R. D. 18. See, also, 2A Barron & Holtzoff, Federal Practice and Procedure, § 646, p. 57.

I think our discovery statutes contemplate a change. They should not be construed so that they return us to the same place we were before. The Legislature intended that the courts move in the stream of progress of judicial administration. If it be true that the purpose of the discovery statutes is the disclosure of the truth, how can there be any haunting fears that this interrogatory will founder on the rocks of injustice and especially when the ship is guided by the protective and limiting hand of an impartial supervisory court? It cannot be doubted that this disclosure expedites the trial of a case and serves to dispose of litigation. The volume of personal injury automobile accident litigation burdening the courts is one of the primary problems present in modern judicial administration. The new discovery statutes were designed for and have done much to help this situation. This has been because the parties are required to immediately spell out and disclose the whole truth before trial. This saves an incalculable amount of time and burdensome expense in the processes of justice. Proper safeguards are present at all times. The time has gone when we should worship the principle that a lawsuit is a gladiatorial game in which the person who is the winner is the one who has the wit to take maximum advantage of technicality, secrecy, surprise, and the failure to disclose the truth.

I am authorized to state that Judges Spencer and Boslaugh concur in this dissent.