A. L. HAARHUES, APPELLEE, v. OLIVER B. GORDON ET AL., APPELLANTS.

141 N. W. 2d 856

Filed April 22, 1966. No. 36053.

190

Rush C. Clarke and James E. Schneider, for appellants.

Maupin, Dent, Kay & Satterfield, Clinton J. Gatz, Jr., Donald E. Girard, and Rady A. Johnson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Lincoln County finding each of the defendants in contempt of court and assessing a fine of $25 against each defendant for refusing to produce a written statement for inspection which was made by one Truman L. Brandt, and which was ordered by the court to be so produced.

On February 26, 1960, at about 2:30 a.m., a tractor-trailer belonging to plaintiff and operated by Brandt in Lincoln County was struck while parked on the shoulder of U. S. Highway No. 30 by a tractor-trailer owned by Merchants Motor Freight, Inc., which was being operated by Oliver B. Gordon. Substantial damage was done to both vehicles. Plaintiff brought this action against Merchants Motor Freight, Inc., and Gordon on June 9, 1960. Merchants Motor Freight, Inc., answered and filed its cross-petition for damages against the plaintiff. Questions of negligence and contributory negligence are the primary issues to be resolved.

On January 29, 1965, plaintiff filed its motion, pursuant to section 25-1267.39, R. R. S. 1943, for an order requiring defendants to produce for inspection a state-

ment in the possession of defendants made by Brandt to the representative of a claim adjustment service on or about February 26, 1960. After a hearing, the trial court directed defendants to produce the statement. Defendants refused to comply with the court's order and the fines from which this appeal is taken were imposed.

The affidavit in support of the motion is sworn to by C. J. Gatz, one of plaintiff's attorneys, and recites that the statement was taken on or about February 26, 1960, that Brandt is charged in the counterclaim with specific acts of negligence which are imputable to the plaintiff, that the statement is believed to contain a narrative account of the events leading up to, at the time of, and subsequent to the accident, that Brandt was not given a copy of the statement, and that 5 years have elapsed since the giving of the statement. It is stated also that Brandt, it is believed, does not have a full and complete recollection of the facts and that it is of paramount importance to the plaintiff that he obtain a copy of the statement to refresh Brandt's recollection of such facts.

Gatz was called for cross-examination by defendants' counsel and testified that plaintiff took a statement from Brandt at Fort Morgan, Colorado, on February 29, 1960. He stated that Brandt was an employee of plaintiff at that time and that he knows where Brandt presently resides.

The motion to produce the statement was filed pursuant to section 25-1267.39, R. R. S. 1943, which reads in part: "Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions in section 25-1267.22, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted

by section 25-1267.02 and which are in his possession, custody, or control; * * *." Sections 25-1267.02 and 25-1267.22, R. R. S. 1943, refer to depositions and, although they purport to define the extent and limitation upon their taking, they are not important in determining good cause required to be shown to compel the production of statements by witnesses under section 25-1267.39, R. R. S. 1943. Whether or not good cause was shown as required by the statute constitutes the crux of the case.

Section 25-1267.39, R. R. S. 1943, is in all respects identical with Rule 34 of the Federal Rules of Civil Procedure except for the renumbering of statutes required to integrate the rule into the Nebraska statutes. The adoption of a rule of another jurisdiction ordinarily requires that great weight be given to the construction of the rule at the time of its enactment by the courts of the jurisdiction from which it was taken unless such construction is violative of some established state policy. Mecke v. Bahr, 177 Neb. 584, 129 N. W. 2d 573. In previous cases this court has not found it necessary to clarify the words "good cause" contained in section 25-1267.39, R. R. S. 1943, and, consequently, the question is one of first impression in this state.

The rule does not contemplate that any and all information, oral or written, can be obtained from an adverse party as a matter of right. The necessity of "good cause" in section 25-1267.39, R. R. S. 1943, was intended as a restriction upon any such action. As we said in Mecke v. Bahr, *supra:* " 'Under the guise of liberal construction, we should not emasculate the rules by permitting something which never was intended or is not within the declared objects for which they were adopted.' " See, also, Jeppesen v. Swanson, 243 Minn. 547, 68 N. W. 2d 649.

In the instant case, Brandt, the person whose statement is sought to be produced, was the employee of the plaintiff and the operator of plaintiff's tractor-trailer that was a participant in the accident. Brandt is not a party

to the action and, in the consideration of the issue before us, is in the category of a witness. It must be borne in mind that plaintiff knows the whereabouts of Brandt and he is, therefore, available to the plaintiff for the purpose of obtaining and perpetuating his evidence. It should not be overlooked that the accident occurred some 5 years prior to plaintiff's demand for the production of the statement given on the day of the accident. In addition, the evidence shows that plaintiff took a statement from Brandt 3 days after the accident. It is upon this factual situation and the showing of good cause made that constitute the basis for a decision by this court.

The production of statements of witnesses under section 25-1267.39, R. R. S. 1943, cannot be required as a matter of right. They may be obtained only upon a showing of good cause. Relevancy to the issues must appear, but relevancy alone is not sufficient. If it were, the requirement that good cause must be shown would be a meaningless provision. "Good cause" was intended as a restriction upon the obtaining of any and all documents, papers, books, accounts, letters, photographs, objects, or things, not privileged, which are in the custody and control of the adverse party. It is contended that the purpose of discovery is to require the parties to disclose all the facts in order that more perfect justice will be attained and that the bad features of the competitive trial be eliminated; that a trial become less a game of wits, skill, or energy. But litigants being what they are, with their known tendency to put their best foot forward in their own interest, the adversary must use counteracting methods to arrive at the unvarnished truth. It would not serve the cause of justice to strip a party of the means of protecting against these human tendencies by cross-examination, impeachment, and other devices, which have been long demonstrated as effective methods of insuring the ultimate discovery of truth.

It is not the purpose of rules of discovery to supplant our adversary system. Their purpose is to implement

it and when, under all the circumstances, the reason for the use of discovery procedures outweighs the harm imposed upon the adversary, justice requires their use. But unless such a proper use can be shown, which section 25-1267.39, R. R. S. 1943, has designated as "good cause," the statute is not available.

The proper meaning of the statute requiring that good cause be shown as a condition to the issuance of an order to produce a statement of a witness in the hands of an adverse party is of great importance in this area of the law. While the courts have not always been consistent in interpreting its meaning, the facts of each case are important in solving each particular problem.

As a general rule, the work-product of an attorney is free from discovery. Where relevant and nonprivileged facts remain hidden in an attorney's file and where production of those facts is essential to the establishment of one's case, discovery may properly be had. Even though they may not be admissible in evidence, they may be a proper subject of discovery when the witnesses are unavailable or they give clues to the existence or location of relevant facts. Alltmont v. United States, 177 F. 2d 971. But the court is not justified in ordering the production of documents simply on the theory that the facts sought are relevant and are not privileged. Hickman v. Taylor, 329 U. S. 495, 67 S. Ct. 385, 91 L. Ed. 451. Nor will the production of statements be ordered merely to help counsel to prepare himself to examine witnesses and to make sure he has overlooked nothing. Hickman v. Taylor, *supra*. In Hauger v. Chicago, R. I. & P. R.R. Co., 216 F. 2d 501, the court said: "Even though that lawyer hopes or believes, based upon guess, conjecture or suspicion, that a reading of the statements would reveal a basis for impeachment, or give him other valuable information, it has never been the practice of courts generally to require the production of such statements under such circumstances."

Some of the considerations involved have been ex-

pressed as: (1) The availability of the person whose statement is sought for having his deposition taken. (2) The relation of the time the statement was made to the event involved in the litigation. (3) The ability of movant to match technical skills with the maker of the statement. (4) The hostility of the witness to the movant. Scuderi v. Boston Ins. Co., 34 F. R. D. 463.

In Wilson v. David, 21 F. R. D. 217, the court said: "In regard to statements made by witnesses to the opposite party it seems to be generally held that good cause for their production is not shown when it appears that the witnesses are known and readily available to the moving party. This entire matter has been reviewed in Scourtes v. Fred Albrecht Grocery Co., D. C., 15 F. R. D. 55, where the court said at page 59: 'Where discovery of materials not the "work product" of an attorney is sought, the requirement is one of "good cause" for production under Rule 34. "Good cause" is present where the information is within the exclusive knowledge of an adversary, or where there is inequality of investigative opportunity, or where the adversary has taken the statement of a witness and that witness is hostile or is no longer available to the party seeking discovery. These factors, standing alone or in combination, will justify discovery if the other requirements of Rule 34 have been met. The Rule clearly contemplates that "good cause" shall consist of something greater than a mere showing of relevancy.' "

The burden is on the movant to demonstrate to the court from the facts in the record that good cause existed for requiring the production of the statement. Movant is not entitled to an order as a matter of right; he must show special circumstances which will sustain the granting of the order. Any discretion exercised by the court in the matter must be a judicial and not a whimsical one.

The witness, Brandt, gave his statement to defendants on February 26, 1960. Three days later he gave a

statement concerning the accident to plaintiff. His recollection of the incident was certainly as good in the one instance as in the other. The evidence shows that plaintiff knows the whereabouts of Brandt and it does not show that any attempt to take his deposition has been made. There is no evidence that Brandt is hostile to plaintiff or that he has in any way failed to cooperate. The statement was given 5 years ago, as was the statement given to the plaintiff. It is not urged that the statement taken by defendants is any different than the one taken by plaintiff. It is not shown why Brandt cannot refresh his memory of the accident by the statement he gave to the plaintiff. Whether or not Brandt recalls the facts appears to be a matter of surmise, certainly there is nothing to indicate that steps had been taken to ascertain the extent of his knowledge. The defendants contend that these facts show no special circumstances requiring them to produce the statement.

Plaintiff argues, however, that Brandt, as the driver of the tractor-trailer, is chargeable with negligence imputable to the plaintiff, that any admissions by Brandt can be used against plaintiff, and that he is entitled to know such facts. He contends also that Brandt was not represented by counsel when he gave the statement to the defendants and that he was not given a copy.

The facts indicate no special circumstances amounting to good cause necessary to bring section 25-1267.39, R. R. S. 1943, into operation. The lapse of 5 years time, while ordinarily an important consideration, is not important here because each took a statement at about the same time. The record does not show that Brandt's memory is faulty, the fact being, so far as the record shows, that no attempt has been made to find out. For 5 years the plaintiff had failed to discover and preserve the extent of Brandt's knowledge. It is true, of course, that a witness giving a statement may not state the same things in one as he does in another. But the fact remains, the adversary should not be deprived of the only

means he has against colored or false testimony unless good cause be shown which overrides the usual purposes of such evidence. It involves a balancing of interest. The trial of a law suit is still an adversary proceeding and our discovery statutes do not require a party to disclose all his evidence, including that which tends to restrain the unscrupulous, unless justice under the name of good cause requires it.

The right to discovery under section 25-1267.39, R. R. S. 1943, is dependent upon the facts and circumstances in each particular case. In the instant case the witness gave a written statement to the plaintiff 3 days after giving one to the defendants. The production of defendants' statement to refresh the memory of the witness under such circumstances does not constitute good cause. The showing in the instant case does not show that the witness' deposition has been taken or that he has been interviewed, although his whereabouts was known. The necessity for refreshing the memory of the witness asserted in the record is admittedly a matter of surmise even though the ascertainment of the fact was available. The mere fact that the work of preparation for trial can be made less laborious by the use of statements obtained by the adversary does not constitute good cause. To permit the production of written statements of witnesses solely to aid in the examination or cross-examination of the witness or to avoid impeachment of a witness is not within the scope of section 25-1267.39, R. R. S. 1943. A party is not entitled, under the guise of discovery, to look over the shoulder of his adversary in preparing for trial in an adversary proceeding. It is only when evidence necessary to the establishment of facts essential to his case is in the exclusive control of the adverse party that section 25-1267.39, R. R. S. 1943, may be resorted to. The fact that the witness whose statement is sought is an employee of one of the parties and, being a participant in the alleged wrong, is in somewhat the same position of a party, does not absolve the movant from showing good

cause. Under the facts contained in the record and herein recited, we find no special circumstances that require the production of the statement for the use of the adverse party. Undoubtedly it would be helpful to plaintiff's counsel to have the statement in examining the witness and in avoiding the possibility of impeachment. But these considerations alone do not amount to good cause. These views are generally supported in Guilford National Bank of Greenboro v. Southern Ry. Co., 297 F. 2d 921.

The order to produce the written statement of the witness Brandt is not supported by a showing of good cause. The order of the court finding the defendants guilty of contempt and assessing fines against them is reversed.

REVERSED.

WHITE, C. J., not participating.

SPENCER and BOSLAUGH, JJ., dissenting.

While we are in agreement with many of the general statements in the opinion, it is our conviction that we should not emasculate discovery by thwarting its purpose by an unduly strict construction.

It is pertinent to observe that section 25-1267.39, R. R. S. 1943, reads in part: "* * * the court in which an action is pending *may* * * *." (Italics supplied.) This can only be interpreted as importing a broad discretion in the trial court.

The purpose and intent of discovery statutes is to leave their application to the sound discretion of the trial court. Sound discretion is one controlled and governed not only by the statutory enactments but also by considerations of policy, necessity, propriety, and expediency in the particular case at hand. Necessarily the trial judge is in a better position to judge these matters than an appellate court.

Does the record before us show an abuse of discretion on the part of the trial court? In our judgment it does not. We recognize that Brandt's statement is in the category of a witness, but his statement in this situa-

tion is akin to that of a party to the litigation. While there is no unanimity in the various jurisdictions, statements obtained from the parties are frequently considered to be in a different category than those of a mere witness.

In Pasterak v. Lehigh Valley R.R. Co., 28 F. R. D. 383 (1961), where the court specifically found that there was no allegation or insinuation that the plaintiff was in any way misled or taken advantage of by the defendant's representative in taking a statement where he was not represented by counsel and was not furnished with a statement, the court said: "The plaintiff maintains simply that under these circumstances in which a party has given a statement to an adverse party, he is entitled to be furnished with a copy of such statement. The weight of authority supports the plaintiff's position. Neff v. Pennsylvania R. Co., D. C. E. D. Pa. 1948, 7 F. R. D. 532; Hayman v. Pullman Company, N. D. Ohio 1948, 8 F. R. D. 238; Moore's Federal Practice, Vol. 4, pp. 1147 through 1149. Cf. Safeway Stores, Inc. v. Reynolds, 1949, 85 U. S. App. D. C. 194, 176 F. 2d 476."

It is apparent to us that the trial court could readily have determined that there is present in this case a special circumstance which distinguishes it from the ordinary situation where the plaintiff and counsel would like to examine statements taken on behalf of the opposing party. Where, as here, an employer to whom an employee's negligence may be imputed seeks to see a statement that the employee may have incautiously, ignorantly, or inadvisedly signed, particularly where that statement is in narrative form, where the statement is taken the day of the accident by a representative of a claim adjustment service, and particularly where the employee was not given a copy of it, it would appear to us different considerations are involved.

The majority opinion summarily brushes off these considerations because a statement was given to the employer 3 days after the accident. The employer cannot

possibly know the particular phraseology used by the investigator in a narrative statement secured at a time when the employee may still be suffering from the effects of the accident. This particular phraseology, which would be that of the investigator, unexplained could be very prejudicial. It is not a question of impeachment. Its purpose is to accomplish the very thing for which discovery statutes were adopted.